Argued and submitted September 2, 1992, on appeal and cross-appeal, judgment
modified with instructions; otherwise affirmed April 21, 1993

In the Matter of
the Domestic Partnership of

Wilma Jean WILBUR,
*Respondent - Cross-Appellant,*

*v.*

Noel Lee DeLAPP,
*Appellant - Cross-Respondent.*

(90C-30119; CA A72176)

850 P2d 1151

J. Michael Alexander, Salem, argued the cause for appellant - cross-respondent. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Clayton Patrick, Salem, argued the cause and filed the brief for respondent - cross-appellant.

Before Deits, Presiding Judge, and Riggs* and Durham, Judges.

DEITS, P. J.

---

* Riggs, J., *vice* Richardson, C. J.

**DEITS, P. J.**

Defendant appeals and plaintiff cross-appeals the trial court's resolution of their dispute in equity to divide assets acquired during the period of their cohabitation in a non-marital relationship.

The parties lived together for 18 years, but never married. When they separated in 1989, plaintiff was 63 and defendant was 46. During most of the parties' relationship, defendant was employed by the State Highway Division, and was primarily responsible for paying the couple's living expenses. Plaintiff's main contribution was as a homemaker, although she worked during part of the relationship and contributed that money to household expenses. She also contributed an inheritance of approximately $5,000, as well as approximately $3,000 from the settlement of a dissolution of a prior marriage. In 1983, when she began drawing social security, she contributed those funds to household expenses.

In 1977, defendant obtained a loan from the Department of Veterans Affairs and purchased, in his name only, the house in which the parties lived until their separation. Plaintiff sold some jewelry to pay for repairs that were necessary for the house to qualify for the loan. Defendant paid the mortgage and all utility bills except for the telephone bill. Together, the parties purchased and held title to a travel trailer and a membership in Trail's End. In April, 1989, defendant bought a lot in La Pine. Plaintiff testified that they bought the land for use during their retirement. Defendant asserted that he purchased the land for his own use. At the time of separation, defendant had accumulated approximately $33,000 in his Public Employes Retirement System (PERS) retirement account, for which plaintiff was the named beneficiary until the couple's separation. Plaintiff had minimal savings. After the separation, defendant lived in the house and plaintiff lived in the travel trailer. At the time of trial, defendant earned a gross income of $2,500 per month, and plaintiff continued to draw social security of about $670 per month.

The trial court concluded that the parties' home was treated as "joint property" over the years, that plaintiff made substantial economic and non-economic contributions to the

home and that the parties' actions showed an intent to share the property equally. Accordingly, the court declared the parties to be equal co-tenants in the house. In addition, the court held that plaintiff was entitled to an award of $1,350, which represented one-half of the rental value of the home for the 18 months from the date of separation to the time of the trial, less the mortgage payments made by defendant. The court also granted a $15,000 judgment to plaintiff, which it found represented her one-half interest in the PERS account. However, the court did not attach the PERS account. It also awarded the parties' travel trailer and their Trail's End membership to the parties jointly. The La Pine property was awarded to defendant.

On appeal, defendant assigns error to the trial court's decision to award plaintiff an equal interest in the house. He relies on *Beal v. Beal*, 282 Or 115, 577 P2d 507 (1978). In that case, the Supreme Court held that, in resolving a property dispute between persons who have been living together in a non-marital domestic relationship, the property should be distributed on the basis of the express or implied intent of the parties. 282 Or at 123. With respect to the house, defendant argues that there is insufficient evidence of an intent to share equally, because only his name is on the title and because he was responsible for the mortgage, taxes and utilities other than the telephone. He contends that to award plaintiff an equal interest in the house is essentially recognizing common law marriage.

■ ■    Because Oregon does not recognize common law marriage, the parties are not subject to the statutes governing the distribution of marital property, including the presumption of equal contribution to property acquired during the marriage. ORS 107.105. Nonetheless, as discussed in *Beal*, we may distribute property owned by the parties in a non-marital domestic relationship. The primary consideration in distributing such property is the intent of the parties. However, as we noted in *Shuraleff v. Donnelly*, 108 Or App 707, 714, 817 P2d 764 (1991), in distributing the property of a domestic relationship, we are not precluded from exercising our equitable powers to reach a fair result based on the circumstances of each case.

■ Here, defendant held legal title to the house and was solely responsible for the mortgage payments. Legal ownership of the property, however, is not dispositive. *Shuraleff v. Donnelly, supra.* Plaintiff contributed, financially and otherwise, to improving and maintaining the home. She sold some of her possessions to pay for the maintenance and repair of the house. Further, when she was working outside the home, she pooled her income with defendant's to pay for repairs and improvements to the house and their combined living expenses. When she was not working, she assumed the role of homemaker. Finally, when she was receiving social security payments, she did not treat them as her exclusive income, but again allowed the money to be used for joint expenses. There is no evidence that this financial arrangement and the division of responsibilities was not agreeable to both parties. We conclude that it was the intent of the parties that plaintiff have an interest in the house and, as a matter of equity, we hold that she is entitled to a one-half interest in the house.

■ Defendant also argues that the trial court erred in awarding plaintiff approximately half the value of his PERS account. He contends that that award is contrary to the intent of the parties and in violation of the PERS statutes. Technically, plaintiff has no legal entitlement to the PERS benefits because, at the time of trial, she was not a beneficiary. ORS 237.201 and ORS 237.205 do not allow any party, other than a spouse in a dissolution, separation or annulment proceeding, to attach the proceeds of a PERS account.

However, again applying the principles of *Beal* and *Shuraleff*, we conclude that plaintiff is entitled to an award that recognizes her contribution to the parties' financial circumstances, including their provisions for retirement. The parties planned to retire together and conducted their financial affairs accordingly. Defendant told others that he intended to take care of plaintiff in her advanced years and, for that purpose, she was the beneficiary of his PERS account, up until the time of the separation. Plaintiff does not have any retirement funds. Given her primary role as homemaker, she had a limited opportunity to accrue a retirement fund of her own. Her contribution to the relationship assisted defendant in his career and allowed for a more comfortable standard of living. Most of the money that plaintiff received during the

time that she spent with defendant, including her inheritance, the settlement from her dissolution and her social security disbursements, she spent on household expenses. We conclude that the trial court correctly recognized that plaintiff held an interest in the funds defendant accumulated for retirement. We consider that award in relationship to plaintiff's cross-appeal.

■ In her cross-appeal, plaintiff contends that the trial court should have awarded her one-half of defendant's interest in the La Pine property. Defendant purchased the La Pine property in his name alone in 1989, shortly before the separation. Plaintiff argues that there was mutual intent to share the property, given that she and defendant had talked about building on the La Pine property and retiring there. She also argues that, but for her contribution to the partnership, defendant would not have been financially able to buy the property. That is true. In view of all of the circumstances discussed above, and based on the intent of the parties that we can infer from the circumstances and as a matter of equity, we conclude that plaintiff is entitled to a judgment of $16,000, to represent her contribution to the parties' financial provisions for retirement. However, we do not disturb the trial court's award of the La Pine property to defendant.

■ Finally, plaintiff asks that we modify the judgment to partition the property that the parties hold jointly: the house, the travel trailer and the outdoor club membership. She contends that the resolution of these issues will only require another lawsuit and waste judicial resources. We conclude that it is in the best interest of the parties to disentangle their interests as much as possible. Accordingly, we modify the judgment to accomplish that purpose. In addition to his full interest in the La Pine property, defendant is awarded the house. Plaintiff shall receive an offsetting award equal to one-half the equity in the house at the time of trial. The outstanding mortgage is approximately $38,000, and the fair market value, according to the parties' testimony, is approximately $48,000. Therefore, plaintiff is entitled to an additional judgment of $5,000. We vacate the award of $1,350 to plaintiff that represented back rent. Plaintiff is also entitled to the travel trailer and the Trail's End membership, with a corresponding offset to defendant for his one-half interest in each.

The travel trailer is valued at $6,500 and the membership at $2,000. Both are paid in full. Defendant is entitled to half that amount, or $4,250. Considering plaintiff's awards of $16,000 and $5,000 and defendant's corresponding offsets of $4,250, plaintiff is awarded a judgment of $16,750.

On appeal and cross-appeal, judgment modified to award defendant full interest in house and La Pine property and to award plaintiff full interest in the travel trailer and Trail's End membership, in addition to a money judgment of $16,750, payable by defendant in annual installments of $3,000, due on June 1 of each year at 9 percent per annum; otherwise affirmed. No costs to either party.