T.G. NELSON, Circuit Judge.
Ronald R. Sticka, Chapter 7 bankruptcy trustee (“trustee”), appeals the district court’s affirmance of the bankruptcy court’s order holding that a judgment awarded to debtor Jean W. (“Wilma”) Wilbur, representing her contribution to her and her former domestic partner’s provisions for retirement, was exempt from the bankruptcy estate. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We reverse.
I.
Debtor Wilma Wilbur and Noel DeLapp lived together for eighteen years, but never married. They separated in 1989, when debtor was 63 years old and Mr. DeLapp was 46 years old. At the time of separation, Mr. DeLapp had accumulated approximately $33,000 in a Public Employees Retirement System (“PERS”) retirement account. In a suit filed in equity to divide the assets acquired during the period of their cohabitation,[1] the Oregon Court of Appeals *1219 awarded debtor $16,750 plus 9% interest, payable by Mr. DeLapp in annual installments of $3,000 and due on June 1 of each year. Wilbur v. DeLapp, 119 Or.App. 348, 850 P.2d 1151, 1154 (1993). Of the $16,750, $16,000 represented debtor’s “contribution to the parties’ financial provisions for retirement.” Id. Although the court recognized that, “[technically, [Wilbur] has no legal entitlement to the PERS benefits because, at the time of trial, she was not a beneficiary,” the court nonetheless concluded that debtor was “entitled to an award that recognizes her contribution to the parties’ financial circumstances, including their provisions for retirement.” Id. at 1153 (emphasis added).
On June 5, 1995, debtor filed a Chapter 7 petition in bankruptcy. Ronald Sticka, the appellant, was appointed trustee. On her original Schedule B, which asks for personal property held by the debtor, debtor declared a “Divorce Settlement” of no value, referencing the Wilbur v. DeLapp case. On her original Schedule C, which asks for the property that the debtor is claiming as exempt, debtor listed a “Divorce Settlement,” referenced Farrey v. Sanderfoot, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), and claimed an exemption of zero.
Debtor received the first $3,000 annual payment from Mr. DeLapp after she filed her bankruptcy petition, but prior to the first creditors’ meeting on July 21, 1995. She used $1,200 of the funds for repairs and other living expenses without consulting with, or getting permission from, the trustee or the bankruptcy court. The trustee recovered the remaining $1,800 and debtor amended her Schedule B and Schedule C to show a value, and a claimed exemption, of $10,000[2] for what she refers to as her “Divorce Settlement.” The trustee filed an objection to the claimed exemption and requested an order for turnover.
On September 27, 1995, the bankruptcy court held a telephone hearing on the objection and request for turnover. The bankruptcy court concluded that the Wilbur v. DeLapp judgment gave debtor an equitable right in Mr. DeLapp’s PERS account and that, because an interest in a PERS account is exempt under Oregon law, see Or.Rev.Stat. § 237.201,[3] the portion of the judgment that could be attributed to the PERS account was exempt. The bankruptcy court then asked the parties to try to settle the case.
After the parties were unable to reach a satisfactory resolution, the trustee asked the court to reconsider its conclusions and partial findings announced at the September 27 hearing. By letter dated October 24, 1995, the bankruptcy court denied the trustee’s motion for reconsideration and affirmed its oral conclusion that the judgment, as an interest in a PERS account, was exempt under Oregon law.
The district court affirmed the bankruptcy court. However, instead of relying on Or. Rev.Stat. § 237.201, the PERS exemption statute, the district court found that the judgment was exempt under Or.Rev.Stat. § 23.170 [4] as a retirement plan. The trustee timely appeals.
II.
We review de novo a district court’s decision on appeal from a bankruptcy court. *1220 In re Claremont Acquisition Corp., 113 F.3d 1029, 1031 (9th Cir.1997).
Section 23.170(l)(d) defines a retirement plan as (A) a “pension plan and trust” as described in specified sections of the Internal Revenue Code; (B) an “individual retirement account or annuity” as described in the Internal Revenue Code; or (C) any other pension “granted to any person in recognition or by reason of a period of employment by or service for the Government of the United States or any state or political subdivision of any state, or any municipality, person, partnership, association or corporation.” The district court found that the judgment was “granted” to debtor “in recognition” of her “period of employment by or service for ... [Mr. DeLapp],” and that, therefore, the judgment was a “retirement plan” under section 23.170(l)(d)(C). We disagree.
Debtor’s interest in the assets she and Mr. DeLapp accumulated during their relationship was measured, in part, by his PERS account. As the Oregon Court of Appeals noted, debtor acquired no interest in the PERS account. Wilbur v. DeLapp, at 1153. What she does have is a judgment in a fixed amount to be paid in $3,000 installments.
Oregon law exempts “a beneficiary’s interest in a retirement plan” from execution. ORS 23.170(2). A retirement plan, under (A) and (B) of § 23.170(l)(d) can be in a “pension plan and trust” or an “individual retirement account or annuity,” each of which must be described in specified sections of the Internal Revenue Code. Debtor does not argue that the judgment qualifies under either (A) or (B) of § 23.170(l)(d).
That only leaves subparagraph (C) for consideration. The definition of retirement plan there includes “[a]ny pension ... granted to any person in recognition of or by reason of a period of employment by or service for ... any ... person.” A pension is a “retirement benefit paid regularly (normally, monthly), with the amount of such based generally on length of employment and amount of wages or salary of petitioner.” Black’s Law Dictionary 1134 (6th ed.1990).
The payments to be made by Mr. DeLapp are payable because of a judgment based on property, not employment or services. If the parties had acquired less property, the amount of the judgment would have been lower, even though the period of the relationship was the same. If there had been no property, there would have been no judgment and no payments. Thus, the payment is not based on a period of employment or service and cannot be considered to be a retirement plan. In the absence of a sustainable showing of the existence of a plan, the payments are not exempt from execution.[5]
The judgment of the district court is REVERSED, and the case is REMANDED to the district court with instructions to vacate the order of the bankruptcy court, and to remand the case to the bankruptcy court with instructions to grant the trustee’s objection and motion for turnover.
REVERSED and REMANDED, with instructions.

. Oregon does not recognize common law marriages, but it does allow for the equitable division of property accumulated during cohabitation. Wilbur v. DeLapp, 119 Or.App. 348, 850 P.2d 1151, 1153 (1993).

. It is not clear why debtor claimed a value and exemption of only $10,000 instead of the entire $16,000 awarded in recognition of her contribution to retirement provisions. That she claimed only $10,000 does not, however, affect the resolution of this case.

. Section 237.201 (renumbered 238.445 in 1995) provides, in relevant part:
The right of a person to a pension, an annuity or a retirement allowance ... accruing to any person under the provisions of [Or.Rev. Slat.] 237.001 to 237.315 ... shall not be subject to ... the operation of any bankruptcy or insolvency law....

. Section 23.170(1) sets out the definitions to be used in interpreting the section:
(a) "Beneficiary” means a person for whom retirement plan benefits are provided and their spouse.
(d) "Retirement plan” means:
(A) A pension plan and trust ... described in ... [specified sections of] the Internal Revenue Code ...;
(B) An individual retirement account or annuity ... as described in ... [specified sections of] the Internal Revenue Code; and
(C) Any pension ... granted to any person in recognition or by reason of a period of employment by or service for the Government of the United States or any state or political subdivision of any state, or any municipality, person, partnership, association or corporation.
Section 23.170(2) provides that, subject to conditions that do not apply in the present case, “a beneficiary’s interest in a retirement plan shall be exempt ... from execution and all other process. ...”

. Debtor failed to raise on appeal, and has therefore abandoned, the argument that the judgment was exempt under former Or.Rev.Stal. § 237.201 as an interest in a PERS account.