Argued and submitted September 17, reversed and remanded with instructions
November 19, 1997

## In the Matter of the Marriage of

## Bonnie May CAMPBELL,
*Respondent,*

*and*

## Roy Hayes CAMPBELL,
*Appellant.*

## (950763; CA A96434)

948 P2d 765

Jeffrey C. Hollen argued the cause for appellant. With him on the brief was Richardson, Ouderkirk & Hollen.

D. Richard Hammersley argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Husband appeals from an amended judgment of dissolution, assigning error to the trial court's granting of wife's motion to amend judgment under ORCP 71 C. We review for abuse of discretion, *Weaver and Weaver*, 119 Or App 478, 481, 851 P2d 629 (1993), and reverse and remand.

Husband and wife were married for nearly 36 years and had no children together. Husband was always the primary breadwinner. Wife was employed sporadically during the marriage, and her earning capacity was significantly lower than husband's. The parties owned a manufactured home in Lincoln City and accumulated consumer debt, which they agreed to pay with the proceeds from the sale of that home. They also agreed on the division of real and personal marital property. They could not agree on the amount or duration of spousal support.

The trial court entered a judgment of dissolution that was accompanied by a letter opinion incorporated by reference. The judgment awarded wife spousal support according to the following terms: $1,800 per month until the house sold, $1,000 per month until husband retired or reached age 65, whichever occurred later, then $550 per month indefinitely. The marital property was divided according to the parties' agreement, and the parties were ordered to pay their own attorney fees.

During the dissolution proceeding, husband moved to Tennessee. He was unable to find employment and failed to satisfy his support obligation. Wife sought and was granted a remedial contempt of court order, but husband still did not pay her spousal support. Subsequently, wife filed a motion to modify the judgment of dissolution under ORS 107.135. She sought a one-half interest in husband's pension, conceding that she was seeking a modification of the property division. Her motion to modify was denied as an impermissible modification of the property division.

Thereafter, wife attempted to collect from the Navy a one-half interest in husband's pension. Her request was denied on the ground that the judgment did not state that she

was entitled to such an interest. Wife then filed a motion to amend the judgment under ORCP 71 A and C,[1] arguing that the judgment, by inadvertence or omission, did not award her a one-half interest in husband's pension as contemplated by the opinion letter. The court granted the motion under ORCP 71 C, set aside the judgment of dissolution and entered an amended judgment of dissolution granting wife a one-half interest in husband's pension.

■       On appeal, husband argues that the trial court abused its discretion when it modified the dissolution judgment. He contends that, although the letter opinion was incorporated by reference and attached to the judgment, it was not a substantive part of the judgment and that the letter opinion "clearly shows the judge divided the pension when he computed spousal support." Husband also argues that "[t]he exercise of inherent authority to modify a judgment under ORCP 71 C is limited to technical corrections or extraordinary circumstances such as extrinsic fraud, and must be exercised within a reasonable time." Wife responds that the court properly modified the judgment to clarify the ambiguity contained in it, because the letter opinion is a substantive part of the judgment and grants wife a one-half interest in the pension. Assuming, without deciding, that the letter opinion is a substantive part of the judgment, we agree with husband that the trial court abused its discretion under ORCP 71 C in modifying the judgment.

■       Pensions are personal property and may be considered marital property subject to division when a marriage is dissolved. ORS 107.105(1)(f); *Tiley and Tiley*, 147 Or App

---

[1] ORCP 71 provides, in part:

"**A**  Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own motion or on the motion of any party and after such notice to all parties who have appeared, if any, as the court orders. * * *

"* * * * *

"**C**  This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7 D(6)(f), or the power of a court to set aside a judgment for fraud upon the court."

(Boldface in original.)

262, 266, 936 P2d 367, *rev den* 325 Or 491 (1997); *Manners and Manners*, 68 Or App 896, 898, 683 P2d 134 (1984) (generally a spouse is entitled to a half share of pension accumulated during a marriage). In this case, husband and wife agreed to divide the marital assets so that each kept the real and personal property in his or her possession or to which each had legal title. That division of property included husband's pension, which is personal property in his name.

In its letter opinion, the trial court explained that it was asked to resolve only "spousal support (amount and duration), attorney fees and disposition of [wife's] granddaughter's savings account." It found that husband's net monthly income was $3,100, a sum that included both his salary and the full amount of his Navy pension. The court found that wife's potential net monthly income was $600. The court also found that wife acted as the bookkeeper during the marriage. It ordered husband to pay wife support in the amount of $1,800 per month and ordered wife to continue to make the parties' monthly debt payments. The court explained:

> "Once the house sells support will drop to $1000.00 per month, and will continue until [husband] is 65 or retires, whichever last occurs. Thereafter, [husband] is ordered to pay the sum of $550.00 per month indefinite support. [*Wife*] is entitled to half of his military pension, and at retirement she will have social security, and who can doubt for a minute that both [wife and husband] will, in reality, have to find some sort of work to supplement their incomes."

(Emphasis supplied.)

■ Regardless of how marital assets are divided, in determining a just and equitable spousal support award the court may consider various factors, including the "net spendable income" available to each party. ORS 107.105(1)(d)(H). In its opinion letter the trial court referred to wife's entitlement as one half of husband's military pension to explain why it included all of the pension income as part of husband's net spendable income for the purpose of calculating wife's spousal support award. We conclude that husband's military pension was considered at the time of the original judgment in the context of making the spousal support award, not the property division.

■     Courts have inherent authority under ORCP 71 C to modify a judgment. However, that authority is limited to extraordinary circumstances such as extrinsic fraud, duress, breach of fiduciary duty or gross inequity. *Renninger and Renninger*, 82 Or App 706, 711, 730 P2d 37 (1986). None of those factors is present here. On this record, the trial court abused its discretion under ORCP 71 C by modifying the judgment of dissolution.

Reversed and remanded with instructions to vacate amended judgment. No costs to either party.