Argued and submitted July 28, 1998, vacated in part; otherwise affirmed
September 15, petition for review denied December 21, 1999 (329 Or 553)

Pamela Regan DUNKIN,
*Respondent,*

*v.*

John Oliver DUNKIN,
*Appellant.*

(95-2254-L-3)

In the Matter of the Marriage of

John Oliver DUNKIN,
*Appellant,*

*and*

Pamela Regan DUNKIN,
*Respondent.*

(88-3585-D-3; CA A98196)

986 P2d 706

Susan E. Watts argued the cause for appellant. With her on the opening brief were Peter Bunch and Kennedy, King & Zimmer LLP. With her on the reply brief were Kennedy, Watts, Arellano & Ricks LLP, Peter Bunch, and Zimmer & Associates LLC.

James Westwood argued the cause for respondent. With him on the brief were M. Christie Helmer and Miller, Nash, Wiener, Hager & Carlsen LLP.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Warren, Senior Judge.

LANDAU, P. J.

---

* Deits, C. J., *vice* Riggs, P. J., resigned.

## LANDAU, P. J.

The parties were married, but their marriage was dissolved in 1989. Six years later, wife initiated a civil action to set aside the dissolution judgment on the ground that husband had concealed his possession of marital assets, specifically his interest in a business and a beach house. Following the filing of the civil action, the legislature enacted ORS 107.452, which permits a dissolution proceeding that has gone to judgment to be reopened on the ground of discovery of previously undisclosed marital assets. Wife then initiated a separate action to reopen the dissolution proceeding under ORS 107.452. The trial court consolidated both matters for trial. After trial, the court found that husband, in fact, had concealed the nature of his interest in the business and the beach house. It awarded wife damages for breach of fiduciary duty and amended the dissolution judgment to revise the property division, awarding additional assets and attorney fees to wife. Husband appeals, contending that the trial court should have dismissed the breach of fiduciary duty claim, should not have reopened the dissolution proceeding, and, at the very least, should not have awarded attorney fees. We conclude that the trial court erred in awarding wife attorney fees, but otherwise affirm.

The following facts are not in dispute. The parties were married in 1967. There are three children of the marriage, all of whom are grown and no longer live at home. Wife remained at home to care for the children until 1981, when she began work as a part-time college professor. Husband had interests in various businesses and managed the family finances. Husband's business interests included Pacific Lumber Company (Pacific Lumber) and Grants Pass Moulding Company. In 1986, husband acquired a 50 percent interest in Rogue Valley Sash & Door, Inc. (Rogue Valley), through Pacific Lumber. In 1987, husband transferred Pacific Lumber's shares in Rogue Valley to a business partner in exchange for a promissory note payable to Pacific Lumber. The transaction apparently was designed to enable Rogue Valley to borrow additional funds. In 1988, however, husband reacquired the half interest in Rogue Valley. Husband also owned a beach house. His parents purchased the house

in 1976, but they placed the title in husband's name for estate tax purposes.

The parties began contemplating divorce in 1988. They met with a mediator six times between September and December 1988. During that time, they lived apart, although they met frequently, sat together at the children's athletic events, and spent holidays together. The mediator suggested that husband and wife retain separate counsel, which they did. They negotiated a dissolution settlement directly, however, and not through their counsel.

When the parties reached an accord, husband drew up a settlement agreement. Among other things, the agreement listed husband's various business and real property interests. The agreement did not list husband's interest in Rogue Valley or in the beach house. The settlement agreement also contained a mutual release of rights. In April 1989, the dissolution court accepted the settlement agreement and entered a dissolution judgment incorporating the terms of the agreement.

In March 1995, wife initiated an action to set aside the 1989 dissolution judgment. Ultimately, after several amendments, the complaint alleged seven different claims. Only the fifth and seventh claims are relevant to this appeal. In her fifth claim, she alleged that husband's failure to disclose the full extent of his financial interests during settlement negotiations amounted to a breach of fiduciary duty for which she was entitled to damages. In the seventh claim, she alleged that husband's failure to disclose those interests entitled her to have the dissolution judgment set aside under ORCP 71 C. The complaint contained no request for attorney fees.

Husband moved to dismiss the fifth and seventh claims on the ground that wife had failed to alleged facts sufficient to warrant relief under ORCP 71 C as a matter of law. The trial court denied the motions.

Meanwhile, in 1995, the legislature enacted ORS 107.452, which provides, in part:

"(1) A court that entered a judgment of marital annulment, dissolution or separation shall reopen the case upon

the motion of either party if the moving party alleges that significant assets belonging to either or both of the parties:

"(a) Existed at the time of the entry of the judgment; and

"(b) Were not discovered until after the entry of judgment."

The statute further provides that if, after taking evidence, the court finds that the nonmoving party inadvertently omitted assets, then the court may enter such relief as is just and proper under the circumstances. ORS 107.452(2). If the court finds that the nonmoving party intentionally concealed assets, then the court may order the division of the appreciated value of the omitted assets, the forfeiture of the omitted assets, a compensatory judgment, or other relief. ORS 107.452(3). The statute also authorizes the court to award attorney fees to the moving party. ORS 107.452(4).

Following the enactment of that statute, wife initiated a separate proceeding to reopen the 1989 dissolution case under ORS 107.452. She alleged a right to attorney fees under ORS 107.452(4). Husband moved to dismiss the proceeding, but the trial court denied the motion and ordered that action consolidated with the other for trial.

At trial, the parties testified to the foregoing facts. Wife also testified that she first learned of husband's interest in Rogue Valley in 1994. She testified that she knew that husband was in the business of making doors, but that she did not know about his interest in that particular company. She also testified that she did not learn of husband's interest in the beach house until depositions in preparation for trial, in 1996. She testified that she relied on husband as to family financial matters in general and in the dissolution negotiations in particular. Husband testified that he did not disclose the full extent of his ownership of Rogue Valley because, at the time of dissolution, he was not clear about the extent of his ownership interest in the company. He also testified that wife had seen financial records that showed that husband did have an interest in Rogue Valley, at least through his ownership of Pacific Lumber. As for the beach house, husband testified that he did not list it as an asset as a matter of principle; he did not consider the house to be his. He said that

wife had asked about the beach house, but that he had told her that it was not negotiable.

Husband moved for a judgment of dismissal under ORCP 54 B, arguing that wife had failed to introduce evidence sufficient to warrant relief under either her fifth or her seventh claims. The trial court denied the motions.

The trial court concluded that, because wife had some knowledge of husband's interest in Rogue Valley and the beach house, she was not entitled to relief under ORS 107.452. The court went on to hold, however, that husband failed to make a complete disclosure as to the nature of his interests, which was required by their fiduciary relationship at the time of settlement negotiations. The trial court therefore found in favor of wife on her claim for breach of fiduciary duty and awarded damages to wife based on its calculation of her share of the concealed assets. On the basis of the breach of fiduciary duty, the trial court also granted relief on wife's seventh claim under ORCP 71 C, ordering the dissolution judgment amended so as to incorporate an additional award of assets to wife. Finally, the trial court awarded wife her attorney fees and interest from the date of the 1989 dissolution judgment.

On appeal, husband first contends that the trial court erred in denying husband's motion to dismiss wife's seventh claim for relief under ORCP 71 C. According to husband, relief under ORCP 71 C is warranted only in "extraordinary circumstances such as extrinsic fraud." Husband acknowledges that wife alleged fraudulent conduct in her complaint, but he argues that the fraud was not the extrinsic sort that justifies relief under ORCP 71 C. Wife argues that the fraud that she alleged does amount to extrinsic fraud, because husband's nondisclosure precluded an adjudication of the parties' interests in the 1989 dissolution case. In any event, she argues, she alleged a breach of fiduciary duty, which provides an independent basis for relief under ORCP 71 C. Husband replies that, although our cases suggest that a breach of fiduciary duty does provide a basis for relief under ORCP 71 C, those cases are wrong and should be reconsidered.

 We need not address whether the allegations of wife's complaint amounted to allegations of extrinsic fraud because, at all events, the complaint alleged a claim for a breach of fiduciary duty, and such a claim suffices to warrant relief under ORCP 71 C. ORCP 71 C recognizes the "inherent power of a court * * * to modify a judgment within a reasonable time." It is within the court's discretion to exercise that inherent power, although the power has been held to be unavailable in the absence of "extraordinary circumstances such as fraud." *Vinson and Vinson*, 57 Or App 355, 359, 644 P2d 635, *rev den* 293 Or 456 (1982). We pause to emphasize that we have held that the power may be exercised in the face of extraordinary circumstances, *such as* fraud. That is to say, fraud is an *example* of the sort of extraordinary circumstances that justifies relief under ORCP 71 C. We have never held that fraud—extrinsic or otherwise—is the sole ground for obtaining relief under that rule. To the contrary, in *Campbell and Campbell*, 151 Or App 334, 339, 948 P2d 765 (1997), we held:

> "Courts have inherent authority under ORCP 71 C to modify a judgment. However, that authority is limited to extraordinary circumstances such as extrinsic fraud, duress, breach of fiduciary duty or gross inequity."

*See also Renninger and Renninger*, 82 Or App 706, 711, 730 P2d 37 (1986) ("A court has inherent power to modify the property division provisions of a dissolution judgment based on fraud, duress or gross inequity, or breach of fiduciary duty." (citations omitted)). Husband argues that we were simply wrong in holding that a breach of fiduciary duty supports relief under ORCP 71 C. We decline to reconsider our prior cases.[1]

---

[1] The basis for husband's contention that *Campbell* and *Renninger* are wrong is not entirely clear. Husband asserts that they are inconsistent with the Supreme Court's decision in *Johnson v. Johnson*, 302 Or 382, 730 P2d 1221 (1986). In *Johnson*, the court held that, if fraud is the basis for setting aside a judgment under ORCP 71 C, then it must be extrinsic fraud, that is, fraud that deprived the complaining party of "a real contest before the court" about the matters in issue. *Id.* at 394. We need not address the extent to which our cases are inconsistent with *Johnson*, however. Even assuming that *Johnson* requires that a breach of fiduciary duty also be extrinsic in nature, the pleadings and proof at trial in this case provide evidence that husband's failures to disclose deprived wife of an opportunity to obtain a "real contest" before the dissolution court. In other words, the breach of fiduciary duty was extrinsic in nature.

Husband argues that, even assuming a claim of breach of fiduciary duty suffices to warrant relief under ORCP 71 C, wife neither pleaded nor proved her claim. Thus, husband contends, the trial court still should have granted his motion to dismiss. For the same reasons, husband also contends that the trial court should have granted his motion for a judgment of dismissal at trial.

We consider those arguments together, as they raise essentially the same issue. In evaluating whether a trial court properly denied a motion to dismiss a claim that ultimately went to trial, we consider the whole record, including the evidence introduced by both parties at trial, to determine whether the plaintiff presented a *prima facie* case. *Scholes v. Sipco Services & Marine, Inc.*, 103 Or App 503, 506, 798 P2d 694 (1990). In evaluating a trial court's denial of a motion for a judgment of dismissal under ORCP 54 B(2) at the close of the plaintiff's evidence, we again examine the whole record, to determine whether the plaintiff introduced "credible evidence on the essential elements of the cause or causes of action." *Castro and Castro*, 51 Or App 707, 713, 626 P2d 950 (1981).

Husband in this case argues that wife's pleading and proof was deficient in two respects: First, in that she failed to show the existence of a fiduciary relationship and, second, in that she failed to show that husband breached a fiduciary duty, assuming that such a relationship existed.

We begin with the question whether wife presented evidence of a fiduciary relationship. A fiduciary duty exists when there is a relationship of special confidence, in which one party to the relationship is bound to act in good faith and with due regard to the interests of the other. *Starkweather v. Shaffer*, 262 Or 198, 205, 497 P2d 358 (1972). Oregon courts have recognized that a relationship of husband and wife is such a relationship of special confidence, requiring "a fiduciary duty of the highest degree." *Eltzroth and Eltzroth*, 67 Or App 520, 525, 679 P2d 1369 (1984). That fiduciary duty continues " 'while the parties contemplate dissolution of their marriage as long as the confidential relationship remains intact, and the parties are not dealing at arms' length through separate agents or attorneys.' " *Auble and Auble,*

125 Or App 554, 560, 866 P2d 1239 (1993) (quoting *Eltzroth*, 67 Or App at 522). Determining precisely when the confidential relationship ceases is not the subject of an easy litmus test. Any number of actions by the parties may suffice. *Id.* But as long as there is " 'confidence reposed on one side with a resulting superiority and influence on the other,' " the relationship continues, as does the fiduciary duty that attends it. *Id.* (quoting *U.S. National Bank v. Miller*, 74 Or App 405, 411, 703 P2d 246 (1985)).

■ In this case, there is evidence that, throughout the marriage, husband managed the family financial affairs and that wife had little knowledge of husband's financial interests; wife relied on husband for such information. During the separation, wife continued to rely on husband for information concerning the family finances. Further, although they lived separately, they met frequently, celebrated holidays and attended other family events together. Although both husband and wife consulted briefly with separate attorneys, they did not negotiate their settlement through counsel. They dealt directly with one another. Wife testified that, throughout the negotiations, she did not question whether husband was disclosing all of his assets. Husband drafted the settlement agreement and brought it to wife for her signature. On the basis of the foregoing evidence, we conclude that wife offered evidence of the existence of a relationship of confidence, and, in consequence, of the existence of a fiduciary duty.

■ ■ We turn, then, to the question whether there is evidence that husband breached that fiduciary duty. A marital partner who is subject to a fiduciary duty has a duty "to deal with [the other marital partner] fairly and to make a full and frank disclosure of all circumstances materially bearing on the contemplated agreement, including a full disclosure of marital assets." *Eltzroth*, 67 Or App at 526. In this case, there is evidence that, although wife was aware of the existence of Rogue Valley and of the beach house, she did not know of the nature and extent of husband's interests in those assets. There also is evidence that, although at the time of the settlement negotiations, husband knew that he held, or shortly was about to hold, a 50-percent interest in Rogue Valley, he failed to say anything about that holding to wife. Further,

there is evidence that husband held title to the beach house, that he knew of the existence of that interest, that he knew that wife did not fully understand the nature of that interest, and that he simply refused to include it in the list of assets during settlement negotiations. In light of that evidence, we conclude that wife presented evidence of husband's breach of his fiduciary duty and that the trial court therefore did not err in denying both husband's motion to dismiss the seventh claim before trial and the motion for judgment of dismissal during trial.

■ Husband next argues that the trial court erred in entering judgment in favor of wife on her seventh claim, that is, in setting aside the dissolution judgment under ORCP 71 C. We review the trial court's decision to grant relief under ORCP 71 C for an abuse of discretion. *Dept. of Human Resources v. Shinall*, 148 Or App 560, 563, 941 P2d 616 (1997). Husband begins by asserting that the trial court abused its discretion because there was no evidence of either a fiduciary duty or a breach of a fiduciary duty. As we have explained, however, there is such evidence.

■ Husband alternatively asserts that wife failed to file a timely request for relief under ORCP 71 C, having waited more than five years from the entry of the dissolution judgment. Wife testified, however, that she did not learn of the nature and extent of husband's interest in Rogue Valley until 1994, a matter of months before she initiated the ORCP 71 C action. She further testified that she did not learn that husband held title to the beach house until depositions in 1996. ORCP 71 C recognizes a court's authority to modify a judgment within a "reasonable time." The trial court did not abuse its discretion in concluding that wife initiated her ORCP 71 C claim within a reasonable time following her knowledge of the basis for the claim.

As still another alternative argument, husband asserts that wife waived the right to bring the ORCP 71 C action when she executed the settlement agreement, which contained an express waiver of rights. Husband, however, did not plead waiver as a defense and did not assert the argument below. ORAP 5.45. We conclude, therefore, that the

trial court did not abuse its discretion in granting relief under ORCP 71 C.

Husband next assigns error to the trial court's denial of his motion to dismiss wife's fifth claim for relief, that is, the breach of fiduciary duty claim for damages. He also assigns error to the trial court's denial of his motion for a judgment of dismissal under ORCP 54 B(2) as to the same claim. As with husband's contentions regarding the seventh claim, we consider the two assignments together, as they present essentially the same legal issue. *Scholes*, 103 Or App at 506; *Castro*, 51 Or App at 713.

Husband argues that the claim should have been dismissed as a matter of law because it constitutes an impermissible collateral attack on the dissolution judgment. Husband's argument is, frankly, difficult to understand. The complaint alleged in the fifth claim a breach of fiduciary duty, which claim was incorporated by reference as a basis for asserting relief from the judgment under ORCP 71 C. Even assuming, for the sake of argument, that the fifth claim—standing alone—was an impermissible collateral attack on the dissolution judgment, the fact remains that the claim was the permissible basis for a direct attack on the dissolution judgment under ORCP 71 C. *Campbell*, 151 Or App at 338; *Renninger*, 82 Or App at 709.

On the same ground, husband also assigns error to the trial court's entry of judgment in favor of wife on her fifth claim. We reject that assignment without further discussion.

Husband next contends that the trial court erred in reopening the dissolution case pursuant to ORS 107.452. According to husband, the statute was enacted six years after the dissolution judgment was entered in this case and was not intended to apply retroactively to permit courts to reopen cases that became final before the effective date of the act. Wife contends that, because the trial court denied wife relief under ORS 107.452—and instead modified the dissolution judgment under ORCP 71 C—whether the court erred in denying husband's motion to dismiss the ORS 107.452 proceeding is academic. In any event, she argues, ORS 107.452 was intended to apply retroactively.

We agree with wife that it is not necessary to address the question whether the trial court erred in denying husband's motion to dismiss the proceeding initiated under ORS 107.452, because the trial court ultimately denied relief under that statute. We therefore express no opinion as to whether the statute was intended to apply retroactively.

■ Husband next assigns error to the trial court's award of attorney fees, arguing that wife had failed to allege entitlement to attorney fees. In any event, husband argues, there is no statutory basis for an award of attorney fees in this case. Wife argues that the fact that she alleged entitlement to fees in the ORS 107.452 action was sufficient to put husband on notice that she intended to seek fees and that ORS 107.105(1), which authorizes courts to include an award of fees in a dissolution judgment, provides the basis for an award in this case.

■ We agree with husband that the trial court erred in awarding attorney fees. Although it is not necessary to specify the exact statutory provision under which a party is seeking attorney fees, it is necessary to make the request, so that the parties are fairly alerted that attorney fees will be sought. *Douthit and Swift*, 125 Or App 466, 471, 865 P2d 479 (1993). In this case, although wife alleged a right to attorney fees in the ORS 107.452 case, she did not allege a right to attorney fees in the separate civil proceeding. The two proceedings later were consolidated, but, given that the request for attorney fees was expressly predicated on success in the ORS 107.452 case only, we conclude that husband was not fairly alerted to the possibility that wife intended to seek attorney fees even if she did not prevail in the statutory action.

■ Husband finally assigns error to the trial court's decision to award wife prejudgment interest. Wife contends that husband failed to preserve that assignment. We agree. Husband, in fact, concedes that he did not raise the issue below. We are not persuaded that the alleged error is apparent on the face of the record or that it is error that we should review in our discretion, despite the failure to preserve it. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991).

Award of attorney fees vacated; otherwise affirmed.