Argued and submitted August 29, 2000, affirmed June 27, petition for review denied October 16, 2001 (332 Or 631)

In the Matter of
the Domestic Partnership of

Deanne C. KELLEY,
*Appellant,*

*v.*

Clifton OWENS,
*Respondent,*

*and*

CLIFF'S AUTOMOTIVE REPAIR, INC.,
an Oregon corporation,
*Third-Party Respondent.*

97C-33905; A106942

27 P3d 514

Edward L. Daniels argued the cause and filed the brief for appellant.

J. Michael Alexander argued the cause for respondent. With him on the brief was Swanson, Lathen, Alexander & McCann.

Before Armstrong, Presiding Judge, and Edmonds* and Kistler, Judges.

KISTLER, J.

---

* Edmonds, J., *vice* Warren, S. J.

**KISTLER, J.**

Petitioner appeals from an order setting aside the judgment dissolving her domestic partnership with respondent. She argues that the trial court had no authority to set aside the judgment after it had been entered. We affirm.

The parties began their relationship in 1984 and lived together in the same residence from 1987 to 1997. During that time, they acquired real and personal property, including a home and an automotive repair business that respondent owned and operated with petitioner's assistance. Petitioner also worked as a public employee and established a Public Employees Retirement System (PERS) account while living with respondent. The account was valued at approximately $130,000 at the time of the dissolution hearing.

In 1997, petitioner filed an action to have the parties' domestic partnership dissolved and their property divided. During the course of pretrial negotiations, the parties and their attorneys were successful in resolving most of the issues regarding the division of their property. Both parties agreed that their primary objective was to divide their property equally. They also agreed that petitioner would be awarded the house and respondent the business. With respect to petitioner's PERS account, the parties had two options: either award the account in its entirety to petitioner, which would require a substantial equalizing judgment in respondent's favor, or find a way to divide the account between them.

The retirement account could be divided only if the court entered a qualified domestic relations order (QDRO) and was authorized to do so. According to petitioner,

"[I]n April or May of 1998, petitioner contacted Dwight at the Divorce Unit of PERS. Petitioner told Dwight that she was not married to her partner and asked whether or not her PERS account could be divided. Dwight told her that it could be divided by a [QDRO] and he explained to her what a QDRO was."

At a settlement conference in June 1998, petitioner's attorney told respondent's attorney that his client had discovered

that her PERS account could be divided if the court issued a QDRO as part of the dissolution judgment. Respondent and his attorney agreed that receiving a portion of petitioner's PERS account by way of a QDRO was an acceptable alternative to an equalizing judgment, and the parties moved on to finalizing the settlement terms.

After exchanging settlement proposals, the parties were unable to agree on the value of respondent's business. The trial court held a hearing to resolve that issue and found that the business was worth approximately $150,000. The parties also discussed using a QDRO to divide the PERS account. Although some questions were raised about the availability of a QDRO for domestic partners, petitioner's attorney told the court that petitioner had discovered that the account could, in fact, be divided between the parties. Both parties assumed that a QDRO was available and neither party inquired further into the matter. They instead began preparing a form of judgment based on the trial court's finding and their earlier understanding.

The court entered judgment in January 1999. In addition to awarding the house to petitioner and the business to respondent, the court issued a QDRO that ordered that the PERS account be divided between the parties. Petitioner received an equalizing judgment in the amount of $15,901. Because some uncertainty remained regarding the PERS account, the court included the following provision in the judgment:

> "The Court retains jurisdiction to make any modifications necessary to accomplish the goals stated herein and to supervise the payment of retirement benefits in the event it is determined by the PERS administrator that this Judgment does not accomplish the Court's goals."

Shortly after the judgment was entered, respondent's attorney received a letter from PERS stating that petitioner's account could not be divided as part of a judgment dissolving a domestic partnership. *See* ORS 238.465; *Wilbur v. DeLapp*, 119 Or App 348, 352, 850 P2d 1151 (1993). Respondent's attorney contacted petitioner's attorney to discuss modifying the judgment, and the attorneys scheduled a conference with the trial judge to discuss the situation.

Before the conference could be held, petitioner retained new counsel and refused to agree to modifying the judgment. When the parties were unable to resolve the matter, respondent moved to set the judgment aside. He argued that the court had expressly retained jurisdiction in order to address this situation and, alternatively, that ORCP 71 authorized the court to set the judgment aside in these circumstances. Petitioner responded that the court could not modify a property division once the judgment had been entered and that the portion of the judgment in which the court purported to retain jurisdiction had no effect.

The trial court agreed with respondent. It set aside the judgment, awarded petitioner the PERS account, and gave respondent an equalizing judgment. The court offered two grounds for its action. It first determined that it was able to retain jurisdiction and had done so in the judgment. The court explained:

"Just prior to the time of the hearing, in a discussion off the record in the Court's chambers, the attorneys discussed whether the Court had jurisdiction to divide a PERS account between non-married persons. Petitioner's attorney represented that his client had determined that there would be no problem. It was agreed that the Judgment could be subject to the Court continuing jurisdiction to accomplish the goal of equalizing the division in case there was any problem at PERS. When PERS raised that very issue, the reason the Court had ordered retained jurisdiction language in the Judgment was raised.

"If the court could ever extend jurisdiction over a questionable property division by acknowledgment of the attorneys and language to accomplish such in a judgment of the Court, the language here establishes that intent. There was no objection to this procedure by the petitioner. This Court is not aware of alternative language which could have made this intent more clear. This Court thereby retained jurisdiction for the issue before the Court."

The trial court explained alternatively that ORCP 71 authorized setting the judgment aside under these circumstances.[1] The court reasoned that it and respondent had

---

[1] Although the court did not identify which subsection of ORCP 71 it was relying on, it appears to have relied on ORCP 71 C.

both relied on petitioner's representation that the PERS account could be divided. Although the court found that petitioner and her attorney's actions did not amount to "actual fraud," it concluded that a "gross inequity would result *because* of the reliance upon the Petitioner's statement and the tacit agreement to allow the Court to retain jurisdiction and such demonstrates * * * extraordinary circumstances which under these facts is overreaching and is similar to fraud." (Emphasis in original.)

■ On appeal, petitioner does not argue that the court erred in concluding that the parties intended to divide their assets equally or that the court's amended judgment somehow fails to achieve that goal. Rather, she argues that the court had no authority to set the original judgment aside. Relying on cases addressing a court's power to modify dissolution judgments, petitioner argues that the trial court could not retain jurisdiction to modify its judgment. She also argues that the circumstances in this case did not warrant setting the judgment aside under ORCP 71. In effect, petitioner argues that she may make a representation that causes respondent to change his position, tacitly agree that the court has the power to change the property division if her representation proves wrong, and then profit from the mistake that she induced both the court and respondent to accept.

■■ We note, as an initial matter, that the marital dissolution cases on which petitioner relies are not apposite. An action to divide the parties' assets in a domestic partnership is "not subject to the statutes governing the distribution of marital property[.]" *Wilbur*, 119 Or App at 351. "[It] is not an action for annulment or dissolution of a marriage * * *. Instead, it is an action in equity that arises wholly apart from the dissolution statutes." *Stufflebean v. Brown*, 147 Or App 347, 349, 935 P2d 482 (1997). It follows that the restrictions that ORS chapter 107 places on a court's authority to modify a property division do not automatically apply in this case. Rather, the relevant question is the extent of a court's authority to modify a judgment entered in an equitable action. *See id.* Petitioner never identifies the limits of that authority, nor do we need to attempt to define them in this case. We agree with the trial court that, in the circumstances

of this case, the court had inherent authority to set the judgment aside under ORCP 71 C.[2]

■■ "[T]he inherent power of a court to modify a judgment" under ORCP 71 C has been limited to "extraordinary circumstances such as fraud." *Vinson and Vinson*, 57 Or App 355, 359, 644 P2d 635, *rev den* 293 Or 456 (1982) (parties' failure to anticipate subsequent legal change insufficient).[3] As we recently explained, however, fraud is not the only situation in which a court can exercise this authority; rather, it is merely one example of an extraordinary circumstance. *Dunkin v. Dunkin*, 162 Or App 500, 506, 986 P2d 706, *rev den* 329 Or 553 (1999). Duress, breach of fiduciary duty, and gross inequity also constitute "extraordinary circumstances" that will warrant exercise of a court's inherent power to modify a judgment. *Id.*; *Campbell and Campbell*, 151 Or App 334, 339, 948 P2d 765 (1997); *Renninger and Renninger*, 82 Or App 706, 711, 730 P2d 37 (1986). We review a trial court's decision to set aside a judgment under ORCP 71 C for abuse of discretion. *Dunkin*, 162 Or App at 509; *Dept. of Human Resources v. Shinall*, 148 Or App 560, 563, 941 P2d 616 (1997).

The trial court did not abuse its discretion in finding that this case presented the kind of extraordinary circumstance that warranted setting aside the judgment under ORCP 71 C. Three considerations support that conclusion. First, it was petitioner (and her attorney) who stated that the PERS account could be divided. While this misstatement did not constitute fraud, respondent relied on it in negotiating a settlement that was intended to divide the parties' assets equally. The court also relied on the same statement in entering the dissolution judgment. Were we to agree with petitioner, we would be allowing her to profit from the error that she interjected into the proceeding, fraudulent or not.

---

[2] ORCP 71 C provides: "This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, * * * or the power of a court to set aside a judgment for fraud upon the court."

[3] Some opinions have stated that the "inherent" authority recognized in ORCP 71 C also extends to cases involving technical amendments, *Palmateer v. Homestead Development Corp.*, 67 Or App 678, 680 P2d 695 (1984), and errors of the court, *Stevenson v. U.S. National Bank*, 296 Or 495, 677 P2d 696 (1984).

Second, the judgment stated that the trial court would retain jurisdiction to ensure that the goals of the judgment were met and to "supervise the payments of retirement benefits in the event it is determined by the PERS administrator that this Judgment does not accomplish the Court's goals." Not only is the question one of authority, not jurisdiction, but petitioner did not object to the court's retention of authority; she never suggested that, if she were mistaken and a QDRO were not available, the court would lack authority to modify its judgment to effectuate the parties' intent. By tacitly agreeing that the court could correct any possible mistake, petitioner reduced respondent's incentive to determine whether the information that petitioner had provided was accurate.

Finally, the doctrine of judicial estoppel provides a useful analogy. That doctrine prevents a party from taking a position that is contrary to a position it successfully asserted in an earlier proceeding, particularly where the other party relied on that position to its detriment. *See Caplener v. U.S. National Bank*, 317 Or 506, 516, 857 P2d 830 (1993); *Bakker v. Baza'r, Inc.*, 275 Or 245, 254-56, 551 P2d 1269 (1976). In *Hampton Tree Farms, Inc. v. Jewett*, 320 Or 599, 611, 892 P2d 683 (1995), the Supreme Court explained that the question whether a party may assert judicial estoppel as an affirmative defense "involves three issues: benefit in the earlier proceeding, different judicial proceedings, and inconsistent positions."

In her brief, petitioner acknowledges that she directed her attorney to tell the court and respondent that her PERS account could be divided by a QDRO, and petitioner's attorney admitted to the trial court that he intended that respondent rely on his statements.[4] Furthermore, petitioner did not object to the court's retaining authority to ensure that the property would be properly divided. That, in our view, is effectively inconsistent with her present contention that the court cannot now modify the judgment to divide

---

[4] Petitioner's first attorney was called as a witness during the modification hearing and was asked whether he intended that respondent and his attorney rely on his statement. He replied, "Yes." Petitioner argues that respondent's reliance was not reasonable, but the fact remains that petitioner's attorney intended to induce such reliance.

the property once the parties learned that a QDRO was unavailable. In addition, petitioner benefitted from her previous position to the extent that she succeeded in avoiding a substantial equalizing judgment being entered against her.

To be sure, petitioner did not say specifically that the court could set the judgment aside pursuant to ORCP 71 C if it turned out that the parties were mistaken. But the substance of her present position differs so substantially from the one that she took when she invited respondent and the court to divide her PERS account as part of the dissolution judgment that we cannot say that, given the combination of circumstances in this case, the trial court abused its discretion under ORCP 71 C in setting the judgment aside and, in the exercise of its equitable powers, awarding petitioner her PERS account and giving respondent an equalizing judgment.[5]

Affirmed.

---

[5] Petitioner argues that *Horrocks and Horrocks*, 124 Or App 233, 862 P2d 540 (1993), *rev den* 318 Or 326 (1994), requires a different result. In *Horrocks*, the trial court found that the value of the husband's pension fund was $53,000 and provided in its judgment for a QDRO that would give the wife $26,500. *Id.* at 235. The wife later sought to modify the judgment, claiming that the court had erred in valuing the husband's pension funds. *Id.* There is no indication in *Horrocks* that the husband misled the wife or the trial court concerning the value of his retirement accounts, that he induced her to change her position in reliance on any misstatement that he made, or that he caused her to believe that the court would be able to correct any error in valuing his retirement plans if the court's valuation later proved incorrect. In short, the combination of factors that caused the trial court to find extraordinary circumstances here was absent in *Horrocks*.