Argued and submitted November 3, 2011, judgment setting aside January 2007, default judgment reversed; otherwise affirmed January 30, petition for review denied June 20, 2013 (353 Or 747)

In the Matter of R. J. T.,
a Minor Child.

Jacquelin E. GARNER,
*Petitioner-Appellant,*

*v.*

Marci Rae TAYLOR,
*Respondent-Respondent.*

Lincoln County Circuit Court
064939; A144895

295 P3d 687

Kimberly A. Quach argued the cause for appellant. With her on the briefs was Lechman-Su & Quach, PC.

Todd A. Struble argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

This case involves visitation rights awarded under ORS 109.119 to a nonparent of a minor child.[1] In 2007, petitioner, by a default judgment, obtained visitation rights with respect to the child. Respondent, the child's mother, later moved to set aside the default judgment pursuant to ORCP 71 B, and the trial court denied that motion. The relationship between the parties was contentious, and respondent did not cooperate in permitting petitioner to have contact with the child. Eventually, petitioner filed a motion to modify the judgment, seeking sole custody of the child or, alternatively, temporary custody of the child or extended periods of visitation. She also asked the court to hold respondent in contempt. The court entered a judgment in which it denied all of the relief sought by petitioner. In addition, in considering petitioner's motion, the court

---

[1] ORS 109.119 provides, in part:

"(1) Except as otherwise provided in subsection (9) of this section, any person, including but not limited to a related or nonrelated foster parent, stepparent, grandparent or relative by blood or marriage, who has established emotional ties creating a child-parent relationship or an ongoing personal relationship with a child may petition or file a motion for intervention with the court having jurisdiction over the custody, placement or guardianship of that child, or if no such proceedings are pending, may petition the court for the county in which the child resides, for an order providing for relief under subsection (3) of this section.

"(2)(a) In any proceeding under this section, there is a presumption that the legal parent acts in the best interest of the child.

"(b) In an order granting relief under this section, the court shall include findings of fact supporting the rebuttal of the presumption described in paragraph (a) of this subsection.

"(c) The presumption described in paragraph (a) does not apply in a proceeding to modify an order granting relief under this section.

"(3)(a) If the court determines that a child-parent relationship exists and if the court determines that the presumption described in subsection (2)(a) of this section has been rebutted by a preponderance of the evidence, the court shall grant custody, guardianship, right of visitation or other right to the person having the child-parent relationship, if to do so is in the best interest of the child. The court may determine temporary custody of the child or temporary visitation rights under this paragraph pending a final order.

"(b) If the court determines that an ongoing personal relationship exists and if the court determines that the presumption described in subsection (2)(a) of this section has been rebutted by clear and convincing evidence, the court shall grant visitation or contact rights to the person having the ongoing personal relationship, if to do so is in the best interest of the child. The court may order temporary visitation or contact rights under this paragraph pending a final order."

concluded that the correct statutory and constitutional analysis had never been applied in the case and, pursuant to ORCP 71 C, set aside the 2007 default judgment granting petitioner visitation rights.

Petitioner now appeals the court's judgment setting aside the 2007 default judgment and the court's judgment denying her motion for sole custody, temporary custody, or extended visitation. On appeal, she asserts that the trial court erred when it, *sua sponte*, set aside the default judgment. She also contends that the court erred in the legal standard it applied in considering the modification and in its determination that visitation was not in the child's best interest. We agree with petitioner that the trial court erred in setting aside the 2007 default judgment pursuant to ORCP 71 C, but otherwise affirm the decision of the trial court based on its conclusion, which finds adequate support in the record, that visitation was not in the child's best interest.

We set forth the background facts consistently with the trial court's findings, which are supported by the evidence. *See Porter and Griffin*, 245 Or App 178, 182, 262 P3d 1169 (2011) (an appellate court is bound by the trial court's findings of historical fact if there is any evidence in the record to support them). In 1998, while in a relationship with petitioner, respondent became pregnant by another with the child, who was born in April 1999. The pregnancy was not planned between petitioner and respondent and, after it occurred, their relationship was in question for a time. Later, petitioner and respondent discussed whether petitioner would adopt the child, but no adoption occurred. During the course of the relationship, the parties lived in Washington and each party had her own home. They spent significant time together at petitioner's residence after the child was born. Before the child turned two, petitioner and respondent ended their intimate relationship, and respondent and the child moved from Washington to a home in Siletz, Oregon.[2] Respondent has continued to live in the same home during the course of this case.

---

[2] Respondent also has two other children that are not at issue in this case.

After respondent moved to Oregon, she and petitioner continued to be friends and remained involved in each other's lives. Respondent and the child frequently visited petitioner in Seattle, and petitioner also visited Oregon. In early 2006, during a time of personal crisis, respondent asked petitioner if the child could stay with her while respondent sought alcohol and drug treatment. To that end, she executed a document temporarily delegating to petitioner powers regarding the care and custody of the child.

Petitioner proceeded to take the child, then age six, to Washington and enroll him in school. Then, less than a month after respondent had signed the document delegating parental powers, petitioner filed in Washington a petition seeking nonparent custody of the child. Because it found that Oregon was the child's home state, that court did not adjudicate the petition. Petitioner later filed a petition in Lincoln County to determine custody and parenting time pursuant to ORS 109.119; the court found that petitioner could not obtain custody of the child, ordered her to return the child to respondent (who by that time had revoked the delegation of parental powers), and dismissed the petition. As a result, petitioner returned the child to respondent's care in June 2006, after he had been in her care for approximately four months.

Five months later, petitioner filed a petition pursuant to ORS 109.119(3)(b) to obtain visitation or contact rights to the child. Although she was served with the petition, respondent failed to file an answer, and, in January 2007, the court entered a default judgment. Although respondent sought to have that judgment set aside, the court denied that relief, and respondent did not appeal that decision.

After entry of the default judgment granting visitation rights, petitioner filed a number of contempt actions against respondent for not allowing visitation. In one of those proceedings, the court considered whether it was in the child's best interest that visitation be changed, and ultimately it modified visitation so that petitioner was entitled to correspondence, to two telephone calls per week,

to attend the child's school and sporting events, and to attend tribal events open to the public.

Then, in 2009, petitioner again sought to modify the judgment, asking for sole legal custody of the child or, alternatively, temporary custody or extended periods of visitation. After an evidentiary hearing that lasted a number of days, the court entered judgments denying petitioner's motion and also setting aside the January 2007 default judgment that originally granted petitioner visitation rights. The court explained its reasoning in extensive written findings. It observed that "the motion to obtain sole custody required the court to review [p]etitioner's motion under ORS 109.119 and exceeded the scope of requesting *** a modification of an existing judgment." According to the court, "the previously assigned judge never adjudicated the issue as to whether [p]etitioner met the statutory criteria to be granted parenting rights or visitation rights, nor were [r]espondent's constitutional rights under [*Troxel v. Granville*, 530 US 57, 120 S Ct 2054, 147 L Ed 2d 49 (2000),] ever addressed."

The court then reviewed the evidence that had been presented and concluded that (1) petitioner did not have, either at the time of the hearing or at the time the original petition in was filed in 2006, a child-parent relationship that would support her obtaining custody of the child; (2) petitioner did not have an ongoing personal relationship with the child such that she could obtain visitation; (3) even if petitioner did have an ongoing personal relationship with the child, she could not rebut the presumption under ORS 109.119(2) that the legal parent acts in the child's best interest; and (4) even if that presumption were rebutted, visitation between petitioner and the child was not in the child's best interest and, in fact, petitioner's actions had "ultimately be[en] harmful to the child."

In addition to denying petitioner custody or increased visitation, the court concluded that it had authority under ORCP 71 C to grant relief from the default judgment that originally granted petitioner visitation. Having determined that, in entering the default judgment, the court "did not apply the correct statutory analysis"

or consider respondent's constitutional rights, the court ordered that the 2007 default judgment be set aside. Petitioner appeals, raising three assignments of error.

In her first assignment of error, petitioner contends that the trial court erred "when it, on its own motion, set aside" the 2007 default judgment. According to petitioner, ORCP 71 C does not provide a sufficient basis for the court's action. We review a trial court's decision to set aside an earlier judgment under ORCP 71 for abuse of discretion. *Mary Ebel Johnson, P.C. v. Elmore*, 221 Or App 166, 170, 189 P3d 35, *rev den*, 345 Or 301 (2008). "If the trial court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the trial court did not abuse its discretion." *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000).

Here, we agree with petitioner that the trial court abused its discretion in *sua sponte* setting aside the 2007 default judgment pursuant to ORCP 71 C. Pursuant to ORCP 71 C, the court retains

> "the inherent power * * * to modify a judgment within a reasonable time, * * * the power * * * to entertain an independent action to relieve a party from a judgment, * * * the power * * * to grant relief to a defendant under Rule 7 D(6)(f), [and] the power * * * to set aside a judgment for fraud upon the court."

"It is well settled that a trial court can exercise its inherent authority to vacate a judgment only to make a technical amendment, to correct an error of the court, or in other extraordinary circumstances." *Kneefel v. McLaughlin*, 187 Or App 1, 5, 67 P3d 947 (2003) (internal quotation marks omitted). "Extraordinary circumstances typically involve some type of fraud or overreaching by one of the parties." *Id.* at 6 (internal quotation marks omitted); *see Blue Horse v. Sisters of Providence*, 113 Or App 82, 87, 830 P2d 611, *rev den*, 314 Or 727 (1992) ("[A] court may exercise its inherent power to modify or vacate * * * on a showing of fraud or overreaching by one of the parties."). "Duress, breach of fiduciary duty, and gross inequity also constitute extraordinary circumstances that will warrant exercise of a court's inherent power to modify a judgment." *Kelly v.*

*Owens*, 175 Or App 103, 109, 27 P3d 514, *rev den*, 332 Or 631 (2001) (internal quotation marks omitted).

Here, the trial court did not identify any extraordinary circumstances to support its decision to vacate the default judgment pursuant to ORCP 71 C. Although it noted that respondent had not appealed earlier trial court decisions, the court's sole rationale for exercising its inherent authority was that the original court "did not apply the correct statutory analysis and constitutional rights of [r]espondent when it denied" respondent's motion to set aside the default judgment. Furthermore, the type of extraordinary circumstances that would justify setting aside a judgment under ORCP 71 C, such as fraud, overreaching by a party, or gross inequity, are not present here. The default judgment was entered when respondent failed to respond to the petition for visitation or contact rights. Later, when respondent sought relief from that judgment, the court denied her motion, and she did not appeal that decision. There is no indication that, in securing the judgment, petitioner engaged in fraud or overreaching. Moreover, we are not persuaded that, absent the court's exercise of authority to vacate the judgment, gross inequity would result. In this case, the court was presented with, among other things, a motion to modify the visitation between the child and petitioner and was required to consider what visitation schedule would be in the child's best interest. *Meader v. Meader*, 194 Or App 31, 45, 94 P3d 123, *rev den*, 337 Or 555 (2004) ("[C]hanges in nonparent visitation * * * are governed by an assessment of the child's best interests[.]"). Under those circumstances, the court could order such visitation as it considered to be in the child's best interest. However, absent extraordinary circumstances, the court could not *sua sponte* vacate the default judgment under ORCP 71 C. We conclude that the court erred in doing so.

We next briefly address petitioner's second and third assignments of error, which relate to the court's decision regarding petitioner's motion for custody or increased visitation. In her second assignment of error, petitioner contends that the trial court erred when, in deciding her motion to modify, it evaluated whether she had an ongoing personal relationship with the child and whether she had

rebutted the presumption that respondent acted in the child's best interest. According to petitioner, in order to evaluate the modification of visitation, the court should not have looked at whether she had an ongoing personal relationship with the child or whether she had rebutted the presumption but, instead, was required to "simply determine whether the visitation [was] in the child's best interests." *See Meader*, 194 Or App at 45. Even assuming that it was improper for the court to evaluate the issues of an ongoing personal relationship and whether the presumption had been rebutted when deciding the motion to modify,[3] the court's consideration of those issues would not, however, provide a basis for reversal in this case. That is because, after it engaged in those evaluations, the court went on to evaluate the question that petitioner contends it was required to address: As noted above, the court stated that, even if petitioner did have an ongoing relationship with the child and even if she had rebutted the presumption, it would still deny the visitation she sought because of its evaluation of the child's best interest. Thus, the court's consideration of the child's best interest was determinative. Even if the court's analysis had only considered best interest (as petitioner contends that it should have done), the outcome would have been the same. Accordingly, we turn to petitioner's third assignment of error.

In her third assignment of error, petitioner asserts that the trial court erred when it determined that visitation was not in the child's best interest. As noted, the trial court concluded that, given all the circumstances presented in this case, it was "not in the child's best interest for visitations to occur" and, in fact, that petitioner had acted in ways that were "ultimately * * * harmful to the child." Petitioner asserts that the court's determination of the child's best interest was in error.

Except in cases where this court exercises its discretion to review *de novo*, "our standard of review of a trial court's best interests determination is for abuse of discretion." *Sjomeling v. Lasser*, 251 Or App 172, 187,

---

[3] We note that, in her motion, petitioner sought not only to modify visitation, but also to obtain custody of the child—relief that had not previously been granted pursuant to ORS 109.119.

285 P3d 1116, *rev den*, 353 Or 103 (2012). Under that standard of review, "we will reverse only if a trial court's discretionary determination is not a legally permissible one." *Id.* An extended discussion of that determination in this case would not benefit the bench, bar, or public. Suffice it to say that, here, given all the facts and circumstances at issue, the trial court did not abuse its discretion in its best interest determination. Accordingly, we reject petitioner's third assignment of error.

Judgment setting aside January 2007, default judgment reversed; otherwise affirmed.