Argued and submitted October 14, reversed and remanded December 17, 2003

# In the Matter of the Marriage of

## Joy Renee CONRAD,
*Respondent,*
*and*

## Wade Harold CONRAD,
*Appellant.*

## C97-4328DR; A118788

81 P3d 749

David N. Hobson, Jr., argued the cause for appellant. With him on the briefs was Hobson & Angell, L.L.P.

Dylan M. Cernitz argued the cause for respondent. With him on the brief was Peterson, Peterson & Cernitz, L.L.P.

Before Armstrong, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

BREWER, J.

## BREWER, J.

Husband appeals the trial court's denial of his motion to reopen the parties' dissolution case. He argues that wife committed intrinsic fraud by falsely representing during the dissolution trial that she did not own certain property and that the trial court erred in concluding that ORS 107.452, the statutory foundation for husband's motion, does not provide relief for that type of fraud.[1] We reverse and remand.

The parties' marriage was dissolved by a judgment entered in October 1999. In August 2001, husband filed a motion to reopen the case. In an affidavit supporting the motion, husband stated that, at the time of the parties' dissolution, wife owned the harvesting rights to a stand of timber on real property that she owned. Husband asserted that, at trial, wife and her witnesses had testified "that [wife] did not own the timber. She presented evidence that the timber rights had been sold pursuant to a 'private treaty.'" As a consequence, husband contended, the trial court did not include the timber in the division of property in the dissolution judgment. Husband averred that, after the dissolution judgment was entered, he "discovered that the timber was being harvested from the property." He attached copies of the harvesting permits to his motion, which listed wife as both the "land owner" and the "timber owner." Husband stated that he believed that wife owned the timber rights at the time of dissolution, that she had intentionally concealed her ownership interest, and that she received substantial proceeds from the harvesting of the timber. At a hearing on his motion, husband made an offer of proof that encompassed the above-described allegations and also showed that wife sold the timber for $195,000.

The trial court denied husband's motion, stating:

"I find that ORS 107.452 still [has] not changed the law as to whether or not a party can reopen the matter based on

---

[1] Although husband separately assigns error to the denial of his motion and to the trial court's conclusion that intrinsic fraud does not constitute "nondiscovery," the two assignments of error essentially raise a single challenge to the trial court's interpretation of ORS 107.452. We therefore consider them together.

intrinsic fraud as opposed to extrinsic fraud. This is an asset that was dealt with, husband's impression of how it was dealt with was by wife denying its existence as being a marital or personal asset to her and that was—since it was on the record considered by the Court and ruled upon [by] the court, I don't believe that I can reopen the matter because I do not find that intrinsic fraud constitutes non-discovery.

"So for that reason * * * I cannot grant husband's motion even though this might be a compelling case to do so if indeed wife had lied at trial because this is a very substantial asset and could be working a tremendous injustice. I make no factual findings because I have not heard facts or evidence because of the limitation on husband's ability presented based on my ruling here."

According to the parties, we review the trial court's decision *de novo*. *See* ORS 19.415(3). However, the procedural posture of this case does not present us with an opportunity to review the merits of husband's underlying factual claims. *Trabosh v. Washington County*, 140 Or App 159, 163 n 6, 915 P2d 1011 (1996) (noting that, in Oregon, *de novo* review "refers solely to the court's ability to make its own determination of the facts when it has the authority to 'try the cause anew upon the record'" (citation omitted); *citing* ORS 19.415(3)); *see also Dillard and Dillard*, 179 Or App 24, 26 n 1, 39 P3d 230, *rev den*, 334 Or 491 (2002) (even though a case is an equity case, *de novo* review applies only in "some procedural postures"). The trial court did not take evidence or make any factual findings; rather, it decided husband's motion based on its threshold construction of ORS 107.452. Accordingly, we review the trial court's ruling for errors of law.

■■ Intrinsic fraud consists of dishonesty relating to the merits of a case, including perjured testimony. *Johnson v. Johnson*, 302 Or 382, 384, 395, 730 P2d 1221 (1986). Extrinsic, as distinguished from intrinsic, fraud pertains not to the judgment itself but to the manner in which it is procured. *Id.* at 389-90.[2] As is evident from its remarks, the trial court based its conclusion that husband was not entitled to have

---

[2] An example of extrinsic fraud is the fraudulent misrepresentation of a trial date, so as to prevent another party from attending the trial.

the dissolution case reopened on its determination that ORS 107.452, enacted in 1995, did not change the existing rule in Oregon that intrinsic fraud generally is not a ground for relief from a judgment. *See* ORCP 71 B; *Johnson*, 302 Or at 394 (concluding that ORCP 71 B was intended to encompass only extrinsic fraud, not intrinsic fraud).

The sole issue on appeal is whether ORS 107.452 authorizes the reopening of a dissolution case for the purpose of dividing property the ownership of which, although not its existence, was concealed at the time of dissolution. ORS 107.452 provides, in part:

"(1) A court that entered a judgment of marital annulment, dissolution or separation shall reopen the case upon the motion of either party if the moving party alleges that significant assets belonging to either or both of the parties:

"(a) Existed at the time of the entry of the judgment; and

"(b) Were not discovered until after the entry of the judgment.

"* * * * *

"(3) If the court finds that the assets were intentionally concealed and thereby not included in the distribution of the marital estate, the court may order [any of five enumerated forms of relief]."

Husband asserts that the trial court erred in concluding that ORS 107.452 does not provide relief for intrinsic fraud. Husband also argues that wife's timber interest was not "discovered" until after the entry of the dissolution judgment because, even though wife acknowledged the existence of the asset at trial, she falsely denied her ownership of it. Wife responds that the timber rights were "discovered" before the entry of judgment because they were "in existence and disclosed to [husband] during the pendency of the dissolution, ownership and value of the disputed asset were litigated at trial with both parties testifying thereto, and the trial court made findings in relation to the disputed asset." Wife also argues that, under ORCP 71, a judgment cannot be set aside for intrinsic, as opposed to extrinsic, fraud and that ORS 107.452 was not intended to change that prohibition.

The parties' arguments present an issue of first impression concerning one aspect of the meaning of ORS 107.452, namely, whether it authorizes the reopening of a dissolution case for the purpose of dividing property that was excluded from the original judgment because its true ownership was concealed.[3] We resolve that question in accordance with the methodology prescribed by *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

As an initial matter, it is apparent from the text of ORS 107.452 that the legislature intended to provide relief from a dissolution judgment for at least one type of intrinsic fraud. Subsection (3) provides relief for "intentional concealment" of assets. Such conduct constitutes intrinsic fraud and, as discussed, would not furnish grounds for relief from a judgment under ORCP 71 B. Thus, it is clear that, unlike ORCP 71, ORS 107.452 authorizes relief from a judgment that was procured by at least a particular type of intrinsic fraud, that is, the concealment of the *existence* of an asset.

---

[3] We have discussed the statute in two other cases. In *Dunkin v. Dunkin*, 162 Or App 500, 986 P2d 706, *rev den*, 329 Or 553 (1999), the husband appealed from a judgment awarding the wife relief from a dissolution judgment under ORCP 71 C on the ground that the husband had breached his fiduciary duty to her by concealing his interests in several assets. We upheld the trial court's conclusion that ORCP 71 C authorizes relief for breach of a fiduciary duty, even though it does not, as we have noted, provide relief for intrinsic fraud. *Dunkin*, 162 Or App at 506. We observed that the trial court had refused to reopen the dissolution case under ORS 107.452 because the wife had "some knowledge of husband's interest" in the disputed assets. *Dunkin*, 162 Or App at 505. However, after concluding that the trial court properly had granted wife relief under ORCP 71 C, we stated that it was not necessary to address the question whether the wife was entitled to relief under ORS 107.452, because the trial court ultimately had denied relief under that statute. *Dunkin*, 162 Or App at 511.

In *Tibbetts and Mueller*, 183 Or App 379, 52 P3d 1067 (2002), the wife moved to reopen a dissolution case under ORS 107.452 because of the omission of the parties' residence from the judgment. The trial court reopened the case on the ground that the residence was a marital asset that had been omitted from the judgment "due to intentional concealment by [husband]." *Tibbetts*, 183 Or App at 386. On appeal, the husband argued that the court erred in reopening the case because the wife "knew about husband's ownership interest in the house at the time the initial dissolution documents were prepared and filed." *Id.* at 385-86. We did not separately address that particular argument. Rather, as pertinent here, we held that, in light of the wife's allegations and the mandatory wording of ORS 107.452 that a trial court "shall" reopen a case if a party "alleges" the specified elements, the trial court properly had reopened the case. *Tibbetts*, 183 Or App at 385. *Tibbetts* is not dispositive here because, in that case, we did not construe ORS 107.452 in light of the particular arguments made by husband in this case.

Wife conceded as much at oral argument. She urges, however, that ORS 107.452 authorizes relief only from that particular type of intrinsic fraud and not, as husband alleges here, from the concealment of the *true ownership* of an asset whose existence was known at the time of dissolution.

In light of that refinement of the parties' arguments, we consider the meaning of the statutory phrase, "assets belonging to either or both of the parties * * * [w]ere not discovered until after the entry of the judgment."[4] None of the constituent words in that phrase is defined by any relevant statute. Accordingly, we consider, in context, the ordinary meanings of the words. We first consider the word "discovered," because that is the term to which the parties primarily devote their attentions. The verb "discover" has several possibly relevant meanings:

> "1 a : to make known (something secret, hidden, unknown, or previously unnoticed) : EXPOSE, DISCLOSE -*ed* to his friend the sad state of his fortunes› * * * 3 a : to obtain for the first time sight or knowledge of -*ed* a large bay that now bears his name› -*ed* the circulation of the blood› -*ed* a number of writers who afterward gained wide recognition * * * › b : to detect the presence of : FIND, DISCERN -*ed* arsenic in the patient's sleeping potion› * * * c : to find out : ASCERTAIN ‹-*ed* he had lost his purse›[.]"

*Webster's Third New Int'l Dictionary* 647 (unabridged ed 1993). The difficulty is that none of those definitions addresses *what particular fact* must have been made known, exposed, discovered, found out, or ascertained. Depending on the object chosen, they could apply either to the existence of an asset or to the true ownership of it.

We next consider the word "assets," which is the principal subject of the verb phrase "were not discovered." To be subject to ORS 107.452, an asset must have "existed" at the time of the entry of the judgment. ORS 107.452(1)(a). However, that requirement does not preclude our determining that ORS 107.452 also encompasses other requirements. Specifically, in the context of marital property division, an

---

[4] It is undisputed that the timber rights were "significant." Thus, we have no occasion to consider the meaning of that term in this case.

"asset" is an interest in property. *See Pierson and Pierson*, 294 Or 117, 121-22, 653 P2d 1258 (1982) (describing a "marital asset" as an interest in property received by either party during the marriage). An "interest" in property refers to its ownership. *See, e.g.*, ORS 59.535(6) (providing that, for purposes of ORS 59.535 to 59.585, " *'[p]roperty'* includes both real and personal property or any *interest* therein and means anything that may be the subject of *ownership*") (emphasis added); ORS 105.550(2) (providing that, as used in ORS 105.550 to 105.600, " *'[o]wner'* means a person having any legal or equitable *interest in property*, including, but not limited to, a purchaser, lienholder or holder of any security interest in such property") (emphasis added). Thus, an interest in property owned by a party "belongs" to the party. It follows that the phrase "assets belonging to either or both parties" logically refers not merely to the existence, but also refers to the ownership, of property interests.

We also consider the context of the disputed phrase. The immediately surrounding provisions are not helpful.[5] ORS 107.452 was enacted in 1995 as part of the same bill that included ORS 107.089. *See* Or Laws 1995, ch 800, §§ 4-6. Thus, we consider that "related" statute for clues to the intended meaning of ORS 107.452. ORS 107.089 provides, in part:

"(1)   If served with a copy of this section as provided in ORS 107.088, each party in a suit for legal separation or for dissolution shall provide to the other party copies of the following documents in their possession or control:

"(a)   All federal and state income tax returns filed by either party for the last three calendar years;

---

[5] For example, in prescribing the time line for the filing of a motion under ORS 107.452, paragraphs (5)(a) and (b) both refer to the "date of discovery of the *omission.*" (Emphasis added.) The term "omission" in those subsections presumably refers to omission of the assets "from the distribution of the marital estate" as provided in subsections (2) and (3). Neither an asset whose existence a spouse fails to disclose nor an asset whose true ownership is concealed would be included in the distribution of the marital estate. When read together, those subsections of ORS 107.452 do not shed light on *what particular fact* must have gone undiscovered or omitted before the entry of judgment to warrant relief. Accordingly, we turn to other contextual clues.

"(b)   If income tax returns for the last calendar year have not been filed, all W-2 statements, year-end payroll statements, interest and dividend statements and all other records of income earned or received by either party during the last calendar year;

"(c)   All records showing any income earned or received by either party for the current calendar year;

"(d)   All financial statements, statements of net worth and credit card and loan applications prepared by or for either party during the last two calendar years;

"(e)   All documents such as deeds, real estate contracts, appraisals and most recent statements of assessed value relating to real property in which either party has any interest;

"(f)   All documents showing debts of either party, including the most recent statement of any loan, credit line or charge card balance due;

"(g)   Certificates of title or registrations of all automobiles, motor vehicles, boats or other personal property registered in either party's name or in which either party has any interest;

"(h)   Documents showing stocks, bonds, secured notes, mutual funds and other investments in which either party has any interest;

"(i)   The most recent statement describing any retirement plan, IRA pension plan, profit-sharing plan, stock option plan or deferred compensation plan in which either party has any interest; and

"(j)   All financial institution or brokerage account records on any account in which either party has had any interest or signing privileges in the past year, whether or not the account is currently open or closed."

Several of the quoted paragraphs—including the paragraph pertaining to real property—require a party to provide documents relating to things in which "either party has *any* interest[.]" ORS 107.089(1)(e), (g), (h), (i), (j) (emphasis added). The reference to a party's "interest" suggests that the statute requires more than the disclosure of the mere existence of assets; ownership also is pertinent.

The disclosure requirements of ORS 107.089 also implement ORS 107.105(1)(f), which provides that "[t]he court shall require full disclosure of all assets by the parties in arriving at a just property division." That statute shows a legislative intent to require "full and frank disclosure of all circumstances materially bearing" on the dissolution judgment, including "a full disclosure of marital assets." *Eltzroth and Eltzroth*, 67 Or App 520, 526, 679 P2d 1369 (1984). In light of those purposes, it is logical to regard ORS 107.452 as an enforcement mechanism for the statutory disclosure requirements. Because those disclosure requirements, by their terms, encompass both the existence and ownership of assets, it likewise is logical to construe ORS 107.452 as enforcing both of those types of requirements.

Wife remonstrates that husband had the opportunity in the dissolution trial to present evidence to support his claim that wife owned the timber and that he could have challenged on direct appeal the trial court's adverse ruling on that issue. Wife urges that the legislature did not intend to allow husband a "second bite at the apple" through the vehicle of ORS 107.452. The problem with wife's argument is that even she concedes that the legislature authorized a "second bite" where the *existence* of an asset was fraudulently concealed in the original dissolution proceeding. It makes no sense, in light of that change to existing law, to suppose that the legislature intended to restrict the change to no more than a portion of the spectrum of intrinsic fraud. To the contrary, interpreting ORS 107.452 to apply to the circumstances here advances the expressed legislative purpose of promoting full disclosure of both the existence of, and any interest in, assets in order to enhance the court's ability to make a division of property that is "just and proper in all the circumstances." *See* ORS 107.105 (providing that the court shall divide the property of the parties in a manner that is "just and proper in all the circumstances").

We conclude that ORS 107.452 authorizes relief from a dissolution judgment for the fraudulent concealment of the true ownership of a significant asset belonging to the parties or either of them, even if the existence of the asset was known before the entry of judgment. Because husband's motion and offer of proof adequately invoked that authority,

the trial court erred in denying husband's motion without conducting an evidentiary hearing to determine the merits of husband's allegations.

Reversed and remanded.