DEHOOG, P. J.
*55 Wife appeals the trial court's order denying an ORS 107.452 motion to reopen her dissolution case to address an interest in real property allegedly concealed by husband in the course of the parties' underlying divorce proceedings. In March 2015, the court entered a judgment that dissolved the parties' marriage, distributed their debts and assets, and awarded wife spousal support. Wife sought to reopen the case in August 2016, but the court denied her motion, explaining that the property at issue had not been omitted from the judgment. Wife appeals that denial. See ORS 19.205(3) (authorizing appeal of an order entered after a judgment that "affects a substantial right"). Husband does not appear on appeal. For the reasons that follow, we conclude that the trial court was not required to reopen the parties' dissolution case despite wife's allegation that an asset belonging to husband had existed at the time of the judgment but was not "discovered" until sometime thereafter. As a result, the trial court did not err in denying wife's motion. We therefore affirm.
Few facts from the underlying dissolution action are relevant to this appeal. Husband and wife married in 1994. Husband filed for dissolution in 2015. For seven of the last nine years of their marriage, the parties lived on a ranch property with husband's parents. The final two years of the marriage, the parties lived on the ranch without husband's parents, who by then were both deceased. The ownership of that ranch property-specifically, when husband became part owner of the ranch-was the focus of wife's post-judgment motion.
At trial, husband testified that his parents had granted him a one-quarter ownership interest in the ranch through a 1992 trust agreement. Upon reviewing the agreement, the trial court concluded that, because husband's resulting interest in the ranch predated the parties' marriage in 1994, that interest was not a marital asset; accordingly, the court awarded husband's interest in the ranch solely to him.[1] See ORS 107.105(1)(f) (governing property *56 division at dissolution; distinguishing property acquired before marriage from property acquired during the marriage and applying a presumption of equal contribution only to the latter). The trial court observed, however, that its ruling as to husband's interest in the ranch meant that husband would receive possession and partial ownership of the marital residence, while wife would be left essentially "homeless." The court therefore found that, to be "fair and just," it would be equitable to *1151 award wife an equalizing sum of $10,000 to partly offset that disparity.[2] In March 2015, the court entered a general judgment reflecting those rulings.
Wife filed a motion to reopen the dissolution case in August 2016. In her motion, wife asserted that, contrary to husband's testimony-and despite the 1992 trust agreement suggesting otherwise-she had recently learned from husband's sister-in-law that husband had not acquired his interest in the ranch as a beneficiary of the trust; rather, husband's parents had transferred the ranch property to husband and his siblings by deed in 1997, well after husband and wife were married. Wife contended that husband's interest in the ranch should therefore have been deemed a marital asset subject to the presumption of equal contribution and distributed accordingly. The trial court denied wife's motion to reopen the case, stating:
"DENIED. The [ranch] property was not omitted from the distribution. It is referenced by address and legal description in the General Judgment. Respondent was aware of the property at trial and had the opportunity to present evidence of the extent and value of Petitioner's interest in the property."
(Uppercase in original.) Wife appeals.[3]
*57 Wife requests de novo review. She does not, however, explain why this is an extraordinary case justifying that treatment. ORAP 5.40(8)(c). Furthermore, the procedural posture of this case is not such that we could review the merits of wife's underlying factual claims even if we might otherwise find it appropriate to do so. That is, the trial court did not take any evidence or make any factual findings in connection with the challenged ruling. Rather, it denied wife's motion due to its apparent understanding of the law, namely, that ORS 107.452 did not require it to reopen the case based upon wife's allegations. Accordingly, we review the trial court's ruling on wife's motion to reopen for errors of law. Conrad and Conrad , 191 Or. App. 283, 286, 81 P.3d 749 (2003).
Wife's motion to reopen her dissolution case is governed by ORS 107.452, which provides, in relevant part:
"(1) A court that entered a judgment of marital annulment, dissolution or separation shall reopen the case upon the motion of either party if the moving party alleges that significant assets belonging to either or both of the parties:
"(a) Existed at the time of the entry of the judgment; and
"(b) Were not discovered until after the entry of the judgment."
If, after reopening the case, "the court finds that the assets were inadvertently omitted from the distribution of the marital estate," the court must distribute the assets "as is just and proper in all the circumstances." ORS 107.452(2). And, if the court finds "that the assets were intentionally concealed and thereby not included in the distribution of the *58 marital estate," the court may impose any of several enumerated remedial or punitive measures. ORS 107.452(3).[4] *1152 We construed ORS 107.452 under somewhat similar circumstances in Conrad .[5] In that case, the husband moved to reopen his dissolution case under ORS 107.452, alleging that, at the time of the divorce trial, the wife had owned the harvesting rights to timber on land that she owned, even though she and another witness had testified that the wife did not own those rights. 191 Or. App. at 285, 81 P.3d 749. The trial court denied the husband's motion to reopen, and, on appeal, we reversed. Our decision that the trial court had erred in denying the motion to reopen under ORS 107.452 required us to consider whether that statute "authorizes the reopening of a dissolution case for the purpose of dividing property that was excluded from the original judgment because its true ownership [as opposed to its existence] was concealed." Id. at 288, 81 P.3d 749 (emphasis added). Ultimately, based upon the text and context of the statute, we reasoned that the inquiry, whether "assets belonging to either or both parties" had not been discovered before entry of judgment, logically required the trial court to consider whether the true ownership-and not merely the existence-of property interests had been concealed or otherwise overlooked at the time of trial. Id. at 290, 81 P.3d 749. As a result, we concluded that ORS 107.452 authorizes *59 "relief from a dissolution judgment for the fraudulent concealment of the true ownership of a significant asset belonging to the parties or either of them, even if the existence of the asset was known before the entry of judgment." Id. at 292, 81 P.3d 749.
To some extent, wife's motion in this case parallels the motion in Conrad , in that wife alleged that the disputed property interest-specifically, husband's fractional share in the ranch property-had been known to exist at the time of the entry of the judgment, but that its true ownership had not been "discovered" until after the entry of the judgment, due to husband's fraudulent concealment of the 1997 deed transferring the ranch to husband and his siblings. Thus, given the mandatory language of ORS 107.452, there is some initial appeal to wife's contention that her motion required the court to reopen the case. ORS 107.452(1) (providing that a court "shall" reopen upon a motion satisfying statute's terms); see also Tibbetts and Mueller , 183 Or. App. 379, 386, 52 P.3d 1067 (2002) (recognizing that ORS 107.452 imposes a mandatory duty on the court when a party has alleged the specified circumstances).
We conclude, however, that, despite the superficial similarities between the motion in Conrad and wife's motion in this case, the trial court did not err. Here, unlike the wife in Conrad , husband never contended that he did not own the disputed asset; in fact, he expressly contended throughout the dissolution proceedings that he did own a share of the ranch property. And, as the trial court observed in declining to reopen wife's case, husband's interest in that asset therefore "was not omitted from the distribution," as were the timber rights at issue in Conrad , 191 Or. App. at 285, 81 P.3d 749. See ORS 107.452(2) (providing for relief when assets are inadvertently "omitted from the distribution of the marital estate"); ORS 107.452(3) (authorizing various remedies when assets are intentionally concealed and "thereby not included in the distribution of the marital estate"). Wife does not contend otherwise. Furthermore, even though the mandatory language of ORS 107.452(1) leaves a trial court no discretion to deny a motion to reopen that satisfies the terms of the statute, wife does not argue that the trial court could not determine whether, in fact, her motion satisfied the statute by *60 looking at the judgment that had been issued; as the court noted, that judgment had accounted for the disputed interest in the ranch. As a result, the trial court correctly concluded that wife's motion did not satisfy the requirements of *1153 ORS 107.452 and, therefore, did not err in denying that motion. Accordingly, we affirm.
Affirmed.

The trial court expressed its understanding that, because husband's parents were both deceased by the time husband filed for dissolution, his trust interest in a share of the ranch property had, by then, "vested." Although the court therefore appears to have assumed that the character of husband's interest changed post-marriage-from a trust interest in an undivided fraction of the ranch to an outright interest in the same-it does not appear to have considered whether that change meant that husband acquired any part of that asset after the parties married.

The trial court understood husband's one-fourth share in the ranch to be worth approximately $125,000, but noted that, because husband did not "have full say on what to do with it[,] *** that affect[ed] its value."

In addition to filing a timely notice of appeal from that ruling, wife wrote the trial court a letter urging it to reconsider. Treating wife's letter as a motion to reconsider, the trial court again denied wife's request to reopen her case, further explaining that it did not believe that reopening the case would produce a different outcome. However, the issue in an ORS 107.452 motion is whether the movant has sufficiently alleged a basis to reopen a case, not whether that party appears likely to ultimately improve his or her position; accordingly, we do not further consider that explanation. See Tibbetts and Mueller , 183 Or. App. 379, 386, 52 P.3d 1067 (2002) (trial court had not erred in reopening the case under ORS 107.452, even though the nonmoving party contested the allegations of the motion and, in fact, the moving party ultimately failed to establish that the disputed asset had been concealed).

Specifically, in cases of intentional concealment,
"the court may order:
"(a) The division of the appreciated value of the omitted assets;
"(b) The forfeiture of the omitted assets to the injured party;
"(c) A compensatory judgment in favor of the injured party;
"(d) A judgment in favor of the injured party as punitive damages; or
"(e) Any other distribution as may be just and proper in all the circumstances."
ORS 107.452(3).

We also discussed ORS 107.452 in Dunkin v. Dunkin , 162 Or. App. 500, 986 P.2d 706, rev. den. , 329 Or. 553, 994 P.2d 130 (1999). Ultimately, however, we concluded that the trial court had properly granted the wife relief under ORCP 71 C, and it was therefore not necessary to address whether the wife was separately entitled to relief under ORS 107.452. Id. at 511, 986 P.2d 706. We also discussed the statute in Tibbetts , 183 Or. App. 379, 52 P.3d 1067. In that case, however, we held without any elaboration that, in light of the wife's allegations that a marital residence had been omitted from the judgment, together with the mandatory wording of ORS 107.452, the trial court had properly reopened the case over the husband's contention that the wife had known of that property all along. Id. at 386, 52 P.3d 1067.