162 November 15, 2023 No. 593

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of
JABIN NOOR,
*Petitioner-Respondent,*
*and*
IMAM MAHI CHOWDHURY,
*Respondent-Appellant.*
Lane County Circuit Court
20DR20517; A177261

Stephen W. Morgan, Judge.

Argued and submitted April 12, 2023.

George W. Kelly argued the cause and filed the brief for appellant.

Kayla Steindorf argued the cause for respondent. Also on the brief was The Reynolds Law Firm, PC.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

## PAGÁN, J.

In this marital dissolution case, husband appeals from orders and a judgment striking his pleadings regarding finances and entering a default against him regarding those issues. The trial court sanctioned husband pursuant to ORCP 46 B(2)(c) because he violated discovery obligations and failed to comply with an order compelling production of documents. In a single assignment of error, husband claims that the trial court abused its discretion. We conclude that the evidence provided a factual basis for the decision, and that husband did not preserve his procedural challenge to the trial court's failure, if any, to make specific findings as to why lesser sanctions were not appropriate. Considering husband's flagrant violation of discovery obligations, and his failure to make basic disclosures as required by ORS 107.089, we further conclude that there was no abuse of discretion in the trial court's choice of sanction. We affirm.

### FACTS

We review a trial court's decision to impose sanctions under ORCP 46 B(2) for an abuse of discretion. *See Pamplin v. Victoria*, 319 Or 429, 436, 877 P2d 1196 (1994) (emphasizing "the need for flexibility and discretion on the part of the trial judge"). We consider the facts in light of that standard.

In December 2020, wife filed a petition for dissolution of marriage. Husband and wife were married in 1998. They have two children, who were eight and four years old at the time of the petition.

Although the precise nature of their assets and liabilities is not clear, due in part to husband's failure to make required disclosures, the record indicates that the couple had relatively complex finances. Husband and wife owned a duplex residential property, vehicles, and they had multiple bank accounts. Both had college degrees, both worked at various times during their marriage, and they operated various businesses, including a grocery store business that closed in 2020 and a transportation or touring business. They also had debts associated with their businesses and a loan from the Small Business Association.

Wife did not seek spousal support from husband. In his response to the petition, husband claimed to have no income, and he stated that he was living in his van. Husband sought spousal support from wife. He filed a motion for temporary support of $500 per month because wife rented out the second unit in their duplex. Wife responded that, despite the rental income, she had no permanent employment and significant expenses, that husband was not providing any funds for the care of their two children who resided with wife, and that husband received loans and a cash gift from his family. The trial court denied husband's request for temporary spousal support.

The parties stipulated to a trial date of July 22, 2021. In late January or early February 2021, wife sought discovery, including 38 requests for production of documents (RFPs). For the most part, the RFPs were standard requests for documents that parties in a marital dissolution case are required to provide pursuant to ORS 107.089.[1] The RFPs focused on financial documents, including tax returns, income records, bank statements, insurance policies, and vehicle titles or registrations. In March 2021, husband responded by email attaching tax returns for 2015, 2016, and 2017.[2] In his email, husband stated that wife

> "has control of all my documents, financials, tax, payments, earnings therefore she was able to cancel bank accounts, credit card accounts, memberships along with Apple Pay and anything related to finance. After dismissal of the restraining order, I was not allowed back into the house. Therefore, I cannot get you much of the information you requested. I believe [wife] will provide you with all the necessary documents, which I have no access to."

In the body of his email, husband responded to each of the RFPs. For most of them, husband responded that wife "should have the other documents." Husband provided more

---

[1] As an attachment to wife's petition for dissolution, wife served husband with an ORS 107.089 discovery notice, listing financial documents that are required to be exchanged under that statute. Wife propounded her RFPs after the deadline for husband's response to the discovery notice.

[2] Notably, wife's RFPs had expressly requested production of tax returns for 2018, 2019, and 2020, and had not requested tax documents for 2015, 2016, and 2017.

specific information regarding debts, but no documents to verify the debt amounts. For some of the RFPs, husband stated, "I choose not to invest my time in digging these garbage [*sic*]."

In May 2021, wife sent husband a letter explaining that the responses were deficient, that wife did not have access to some bank accounts, and she requested records to substantiate husband's claims regarding debts. The letter also explained, for example, that husband could order a copy of his Social Security statement online. Wife explained that if responsive documents were not produced within two weeks, then she would consider filing a motion to compel production of documents.

In early June 2021, wife sent husband a second letter pointing out that meaningful settlement negotiations could not occur without the requested financial documents and indicating that wife planned to file a motion to compel. A few days later, husband sent an email indicating that he would obtain copies of bank statements associated with the grocery store business, that there were documents in the basement of the duplex that he could not access, and that wife had access to all his financial accounts.

In June 2021, wife filed her motion to compel production of documents. Husband did not respond to the motion. On July 1, 2021, wife sent husband another letter regarding missing discovery, and, the following day, on July 2, she moved to postpone the July 22 trial date. The motion explained that wife "does not have enough information regarding the assets and debts in [husband's] name to proceed to trial. In order to provide the Court with the most basic schedule of assets and liabilities, [wife] needs [husband] to provide documentation. It will be next to impossible to arrive at a just and proper division of marital assets and liabilities without a full disclosure by [husband]." Husband did not respond to the motion to postpone the trial. On July 11, husband produced some responsive discovery including bank account statements for December 2020 and estimates regarding debts and the value of vehicles.

On July 12, 2021, the trial court granted wife's motion to compel. Husband was required to produce documents by

July 19, including documents regarding monies received, charitable assistance, bank and credit union accounts, debts, pension and retirement benefits, reimbursements, correspondence from government agencies, husband's credit report, and his Social Security earnings. The order stated that husband's failure to comply could result in sanctions including "the Court granting Petitioner all relief sought in their pending action." The following day, on July 13, the trial court denied wife's motion to postpone the trial.

On July 19, husband responded to the order by email. His response was substantially the same as earlier. Husband reiterated that he could not enter the house and that his wife had access to his financial documents. Once again, husband attached tax documents from 2015, 2016, and 2017. His written responses to the RFPs were substantially the same as earlier, including by claiming that his wife had access to the documents. For some of the RFPs, husband continued to state, "I choose not to invest my time in digging these garbage [*sic*]."

In her trial brief, and although she acknowledged that she had earned a higher income in the past, wife claimed an income of $3,479 per month based on rental income, unemployment benefits, and Supplemental Nutrition Assistance Program benefits for her two children. Wife claimed that husband was operating a food cart business and a touring business. As a result of husband's failure to produce documentation regarding income, despite an order requiring him to do so, wife requested the court to impute to husband an income of $6,000 per month. Based on those income figures, wife sought $998 per month from husband in child support. She did not seek spousal support.

On the day of trial, on July 22, wife's counsel made an oral motion for sanctions pursuant to ORCP 46 based on husband's failure to comply with the order compelling production of documents. Wife's counsel explained that husband failed to produce "the most basic discovery documents relevant to the distribution of assets and liabilities * * * and his income." She continued,

"There are bank account[s], business, income tax, and other records, and relevant documents that [husband] has

failed to produce to which [wife] does not have independent access ***.

"[Husband's] responses to discovery requests, including stating, 'I choose not [to] invest my time in digging these garbage,' indicate that [husband] acted willfully and in bad faith in not complying with these discovery requests."

Regarding sanctions, wife's counsel pointed out that, pursuant to ORCP 46 B, the trial court had a number of options, including striking husband's pleadings in whole or in part and entering a judgment of default against him on all or some issues, or precluding husband from entering testimonial or documentary evidence regarding matters for which he failed to provide discovery. Wife requested that the trial court strike husband's pleadings and enter a judgment of default on all issues.

In response, husband continued to claim that the documents were in a location that he could not access. As husband explained it,

"All my documents are in my house. I'm not allowed in the house. My bank accounts ha[ve] been shut down. I cannot get in it. I have documents for that, and that's my response.

"The part I said these are garbage, I don't want to dig into, is like the Facebook, text message, social media. I don't have time to dig into that.

"So, any financial, tax documents, *** title of my Land Rover, title of my motorcycle, they are all in my house *** [and] I'm not allowed to get in there."

Wife's counsel pointed out that even if husband "did not have access to the documents that he says are in the house, he could have requested these documents from his financial institutions and the government institutions that hold copies of these records. He's just failed to do so." Wife's counsel claimed that wife searched for documents in the house, and that she was unable to find them there.

The court took a recess to review husband's response to the motion to compel. When the trial court returned, it swore in husband and asked him to explain again why he did not have access to any financial records. He stated that

when the grocery store went out of business, files and records were moved to the basement. Wife obtained a restraining order against him, so he had to leave the building, and he no longer had access. According to husband, he also had no access to any online financial records.

In ruling on wife's motion for sanctions, the trial court took judicial notice of the court file, as well as wife's trial exhibit 18, which included correspondence between the parties regarding discovery. The trial court made findings regarding the discovery that wife requested and husband's responses, noting that husband's email in response to the order compelling production of documents was substantially identical to his earlier, deficient responses. The trial court found that husband had notice that his failure to comply with the order could result in wife receiving all the relief she sought. The trial court determined that simply stating that documents were available in their residence, and that wife should have the documents, did not satisfy husband's discovery obligations.

As noted by the trial court, husband

"does answer, provide some financial numbers when it suits him, which is to make sure that the debt information is out there and provided. However, it does not appear that he provides any records supporting the number of the debt, which he does have the ability to access and get through financial records."

Focusing on husband's responses about choosing not to dig through garbage, the trial court found that husband displayed "a cavalierness of attitude *** towards the process of getting to a conclusion of this matter. It shows, frankly, a bit of gamesmanship that is not appropriate *** and does not allow the other party a fair access to this trial process." The trial court found that husband's testimony about his inability to access documents was not credible, "and I question whether any of his further statements during the trial process would [be] credible."

The trial court observed that, under ORCP 46 B(2)(c), it could sanction husband in a number of different ways, including by striking "out pleadings or parts thereof, staying

further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party." The trial court decided to strike part of husband's pleadings and enter a default against husband regarding financial issues. As the trial court explained it, "I do not find that setting this case over would benefit the parties in any way, *** as [husband] has had months to comply with discovery in this matter and has not, and not only just has not, but has stated that he makes choices to not comply." The trial court continued,

> "First, so I don't find that—that it is worthwhile or productive, or appropriate to set the case over to deal with discovery matters further. I've done that in the past, and I've done that most of the time, frankly, because frankly there's plenty of reason to believe it will happen. And the Court notes that doing anything other than setting it over is a pretty severe sanction, however *** looking at this file, at the responses, and in hearing [husband], I don't find that there is any likelihood to have compliance in the future.

> "So therefore, I do strike any of his pleadings that deal with finances, and I do grant *** [wife] default on the financial related matters, which specifically deal with the asset and liability matters, the child support matter, and the spousal support matter. The spousal support matter is not at issue once I've stricken his request for spousal support. So that is not necessarily a default, but [it] is no longer an issue."

The court noted that wife's exhibits included a proposed limited judgment that allocated assets and liabilities, and a child support worksheet, and the trial court observed that if wife testified regarding those exhibits, then that testimony would satisfy her obligation to make a *prima facie* case. In addition, the trial court made findings regarding the prejudice caused by husband's deficient discovery responses. The trial court entered a limited judgment of default, which, among other things, requires husband to pay $998 per month in child support. Husband appeals.

## ANALYSIS

We begin our analysis by reviewing some key statutes and legal principles. ORCP 46 B(2) provides, in part:

"If a party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make any order in regard to the failure as is just including, but not limited to, the following:

"B(2)(a)    **Establishment of facts.** An order that the matters that caused the motion for the sanction or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.

"B(2)(b)    **Designated matters.** An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the disobedient party from introducing designated matters in evidence.

"B(2)(c)    **Strike, stay, or dismissal.** An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party.

"B(2)(d)    **Contempt of court.** In lieu of or in addition to any of the orders listed in paragraph B(2)(a), B(2)(b), or B(2)(c) of this rule, an order treating as a contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

(Boldface in original.) In *Pamplin*, 319 Or at 436-37, the Supreme Court explained that the sanction of dismissal

"is appropriate only when it is 'just' and only when there is willfulness, bad faith, or other fault of like magnitude by the disobedient party. To assess the propriety of imposing that sanction, an appellate court needs to know (1) the historical facts on which the trial court based its decision to impose it and (2) the analytical process by which the trial court concluded that dismissal is 'just' in view of those facts and in view of the other sanctions that are available."

Here, husband contends that the trial court erred by striking his pleadings and holding him in default. In support of that assignment of error, husband makes four arguments. First, husband argues that the trial court's findings and its ruling were "unsupported by the evidence." Second, he argues that the trial court failed to explain why the sanction was just or why a less severe sanction was inappropriate. Third, husband claims that the trial court failed to

consider "whether and to what extent wife was prejudiced by husband's actions." And fourth, husband argues that the trial court's decision "does not explain why it is that wife's equal access to much of the requested discovery does not excuse husband's noncompliance." We address each of those arguments in turn.

In his first argument, husband points out that "counsel's arguments are not evidence." *Jewett v. Sterling Furniture Co.*, 277 Or App 608, 613, 371 P3d 1290 (2016). He suggests that there was insufficient evidence to support the trial court's decision to sanction him. That argument lacks merit.

The record shows that husband was ordered to produce documents by July 19, 2021. Three days later, on the day of trial, wife made an oral motion for sanctions because husband failed to comply with the order. Wife's trial exhibits included exhibit 18, which consisted of wife's RFPs, husband's responses, the parties' correspondence regarding discovery obligations, and the trial court's order compelling production of documents. Before ruling on the motion for sanctions, the trial court received that exhibit into evidence. The trial court file also contained husband's July 19 email response to the order compelling production of documents, which, as explained by the trial court, was substantially the same as his earlier deficient responses. In addition, the trial court provided husband an opportunity to provide testimony explaining why he was unable to access his financial documents, and the trial court found that his testimony was not credible. Based on that record, the evidence was more than sufficient to support the trial court's decision to impose sanctions. *See Udhe and Udhe*, 260 Or App 284, 287, 317 P3d 337 (2013), *rev den*, 329 P3d 771 (2014) (evidentiary record contradicted party's assertion "that there was no factual basis for the trial court to find that she failed to provide discovery").

Second, husband argues that the trial court failed to explain why the sanction it chose was just or why it chose not to impose a lesser sanction under ORCP 46 B(2). That argument challenges both the trial court's findings as well as the substance of the trial court's discretionary ruling. The

first part of that argument is a procedural challenge, which must be preserved to be considered on appeal. *See Peeples v. Lampert*, 345 Or 209, 223-25, 191 P3d 637 (2008) (distinguishing between a procedural and a substantive challenge to the failure to make special findings and stating that "the usual rules of preservation apply" to the procedural failure "to make express special findings required by *Pamplin*.").

Here, husband did not request special findings explaining why lesser sanctions were not appropriate despite a number of opportunities to do so. On appeal, husband's counsel points out that husband was not represented by counsel below. That argument is unavailing because "*pro se* litigants are bound by the same preservation rules that bind all other parties." *State v. Morrow*, 192 Or App 441, 444, 86 P3d 70, *rev den*, 337 Or 282 (2004). At oral argument, husband's counsel conceded that his procedural challenge was not preserved, and we accept that concession as well-taken. *See Budden v. Dykstra,* 181 Or App 523, 528, 47 P3d 49 (2002) (The court "cannot be faulted for failing to make such findings if no one requested them."); *see also SAIF v. Harris,* 161 Or App 1, 10, 983 P2d 1066, *rev den*, 329 Or 527 (1999) (defendant failed to preserve argument that the trial court's sanction order did not include necessary findings). We decline to engage in plain-error review of that procedural error, if any.

We turn, then, to husband's substantive challenge to the merits of the trial court's decision to strike his pleadings regarding finances and to enter an order of default against husband regarding financial issues.[3] We review that decision for an abuse of discretion. *Boline v. Whitehead*, 119 Or App 230, 234, 850 P2d 1128, *rev den*, 317 Or 271 (1993). "If the trial court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the trial court did not abuse its discretion." *State v. Romero*, 236 Or App 640, 643, 237 P3d 894 (2010) (internal quotation marks omitted).

First, we note that, despite husband's failure to comply with discovery obligations, the trial court did not choose

---

[3] Husband does not argue that the trial court's findings are insufficient to permit meaningful appellate review of its choice of sanction, nor could he, given the trial court's detailed findings.

the most severe sanctions available. For example, although husband failed to comply with the order compelling production of documents, the trial court did not find husband to be in contempt of court, ORCP 46 B(2)(d), nor did it enter a default against husband on all issues, ORCP 46 B(2)(c). Instead, the trial court imposed the lesser sanction of striking his pleadings regarding finances and entering a default against husband regarding financial issues only.

Nevertheless, husband suggests that the trial court's sanction was too harsh and that the trial court could have imposed a less severe sanction. He argues, for example, that if the trial court had barred him from entering testimonial or documentary evidence regarding the party's assets and liabilities, then he could have cross-examined wife regarding her claim that he had an earning capacity of $6,000 per month. However, that substantive challenge to the trial court's decision misses the point because "discretion" refers to "the authority of a trial court to choose among several legally correct outcomes." *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000). What is missing from husband's argument is an explanation of why the sanction that the trial court choose was legally incorrect or legally impermissible.

What the record shows is that the trial court found that husband's testimony regarding his inability to access financial documents was not credible, that his responses to discovery were cavalier and displayed gamesmanship, and that husband chose not to comply with his discovery obligations. In addition, and as explained more fully below, the trial court found that husband's conduct caused prejudice. Those findings support the trial court's choice of sanction. Indeed, the order compelling production of documents put husband on notice that his failure to comply could result in "the Court granting Petitioner all relief sought in their pending action." Thus, the trial court's decision to strike husband's pleadings regarding finances, and to enter a default against him on financial matters, was legally permissible. In other words, the trial court's decision to impose that sanction for husband's conduct did not constitute an abuse of discretion.

Next, relying on *Markstrom v. Guard Publishing Co.*, 294 Or App 338, 344, 431 P3d 443 (2018), *rev den*, 364 Or

849 (2019), husband argues that the trial court failed to consider the effect of his conduct and whether it prejudiced wife. The record does not support that claim. Before proceeding to wife's *prima facie* case, the trial court expressly made findings about the prejudice caused by husband's failure to comply with his discovery obligations. The trial court found that

> "the lack of discovery and gamesmanship * * * by [husband] creates a scenario in which a trial of these matters today would be unfair for [wife] because * * * there is a fair amount of finances, whether it's asset[s] or debt[s] to deal with and it cannot be dealt with fairly from a petitioner's side if they don't get fair discovery. A Court cannot rule fairly if * * * discovery isn't done and then gets full vetting through the trial process, it['s] * * * impossible to have a fair and complete trial if both sides don't have a fair playing field, and so that is the other issue for the Court in this case."

Thus, the trial court *did* consider the prejudice caused to wife by husband's failure to disclose financial documents. Indeed, it appears the court relied in part on its prejudice analysis to determine which sanction to impose. Husband's third argument lacks merit.[4]

Under ORS 107.089, husband was required to produce copies of documents including tax returns for the preceding three years, documents showing income earned or received, financial statements, certificates of title or registrations for vehicles, and documents showing debts. Husband was aware of those requirements because he was served with a copy of ORS 107.089.

> "The disclosure requirements of ORS 107.089 also implement ORS 107.105(1)(f), which provides that '[t]he court shall require full disclosure of all assets by the parties in arriving at a just property division.' That statute shows a legislative intent to require 'full and frank disclosure of all circumstances materially bearing' on the dissolution judgment, including 'a full disclosure of marital assets.'"

---

[4] Relatedly, in *Pamplin*, 319 Or at 436-37, the Supreme Court held that when a trial court imposes the sanction of dismissal under ORCP 46 B(2)(c), then a finding of willfulness, bath faith, or fault of a similar degree on the part of the disobedient party is required, but a finding of prejudice to the party seeking discovery is not. Nevertheless here, in this marital dissolution case, it is worth emphasizing the prejudice to wife that occurred as a result of husband's discovery conduct.

*Conrad and Conrad*, 191 Or App 283, 292, 81 P3d 749 (2003) (quoting *Eltzroth and Eltzroth,* 67 Or App 520, 526, 679 P2d 1369 (1984)). Here, husband's failure to produce basic financial documents undermined wife's ability to prepare for trial and the trial court's ability to effectuate a just division of assets and liabilities.

Finally, husband faults the trial court for failing to explain why "wife's equal access to much of the requested discovery does not excuse husband's noncompliance." Under ORS 107.089(1), husband was required to provide copies of documents in his possession or under his control. Assuming without deciding that husband could not physically access financial documents stored in the duplex, we agree with the trial court that those documents were nonetheless under his control because he could have requested new copies from third parties. Husband's sweeping claim of "equal access" ignores that many of the requested documents were not within wife's control, including husband's credit report and his Social Security statement, both of which were critical for an accurate analysis of husband's earnings and liabilities. We reject husband's suggestion that his noncompliance with basic discovery obligations was excusable.

Affirmed.